ISAAC D. HUNTOON, APPELLANT, v. JOHN E. LLOYD, RESPONDENT.

EVIDENCE—*Hearsay and irrelevant testimony—Ground of objection must be designated.*—Upon the trial of an action for the recovery of a sum of money, claimed to have been earned under contract in a negotiation for the sale of certain mining interests, the court refused to allow one of the plaintiff's witnesses to answer the question, "What did you say to Huntoon about your understanding with Lloyd, before he went to see Lloyd?" The court also refused to allow the witness to state, either its terms, or the fact that he, himself, had previously had a contract with the defendant in reference to the sale of the same mine, and

that plaintiff had been sent to defendant to take his, witness' place, in reference to said sale. No claim was made that the witness had in any manner represented the defendant in the premises, and he, himself, disclaimed any knowledge of the terms of the contract in controversy. The defendant objected to the admissibility of the testimony simply on the ground of its irrelevancy. *Held*, that an objection to the testimony aforesaid might properly have been taken on the ground of its being hearsay, as it was unquestionably of such character, but that it was also irrelevant and rightly excluded as such.

SAME—*Admissibility of written instrument—Instruction as to same.*—Upon the trial of the action, an instrument in writing (seé statement), the character and effect of which had been designated in the decision of a former appeal (*Huntoon* v. *Lloyd*, 7 Mont. 365), was allowed in evidence, and an instruction (see instruction 4, statement) given as to the purpose for which it had been admitted. *Held*, that there was no error, either in admitting the instrument, or in giving the instruction, according to the decision in the former appeal.

*Instruction held proper.*—Upon the trial the court gave instruction No 3. (see statement) at the request of the defendant. *Held*, there was no error.

*Appeal from the Second Judicial District, Silver Bow County.*

### STATEMENT.

The action was for the recovery of one thousand dollars, alleged to be due under a contract in reference to a negotiation for a sale of a certain mine. Upon the first trial the defendant obtained a judgment, which was reversed on appeal. (*Huntoon* v. *Lloyd*, 7 Mont. 365.) A second trial had at the June term of the District Court, in and for Silver Bow County, resulted in another judgment in favor of the defendant, from which the plaintiff again appealed. Instruction No. 3, to the giving of which appellant objected, was as follows: "Before you can find for the plaintiff in this case, you must find that the defendant agreed with the plaintiff to pay him, the plaintiff, one thousand dollars for the services rendered, and for which suit is brought herein; and if you find that the agreement between the parties was to the effect that defendant was to pay to the plaintiff one thousand dollars upon certain conditions and contingencies, and such conditions or contingencies have not been performed, or have not happened, then you will find a verdict for the defendant."

The burden of proof in this case is upon the plaintiff; and unless you find by a preponderance of evidence, that the defendant agreed to pay to the plaintiff, unconditionally, the sum of one thousand dollars for his services in securing a deed to the mine referred to, then you must find for the defendant.

Instruction No. 4, granted by the court, is set forth in the

brief of appellant. The instrument in writing referred to in the opinion was signed only by the plaintiff, and read as follows: "Whereas, by instrument in writing of date January 13, 1886, David J. Lloyd and others did lease to Isaac D. Huntoon the Pennsylvania, Johnston, and portions of the Little Ida, Rob Roy, and Burnes Lode Mining Claims, and a certain tunnel right and claim, all situated in Summit Valley Mining District, Silver Bow County, Montana Territory, for the term of six months, upon certain terms and conditions in said instrument expressed, and did also make and acknowledge and deposit in escrow with Hoge, Brownlee & Co., at their banking-house in Butte City, Montana Territory, a deed of same date, conveying to said Huntoon the mining claims and property leased to him as above mentioned, said deed to be delivered to said Huntoon upon his paying or depositing in said banking-house, to the credit of said grantors and lessors, at any time within six months from the date of said deed, the sum of thirty-four thousand dollars, to which lease and deed reference for particular description of property and terms and conditions and covenants of lease and sale is hereby made. Now, therefore, I, the said Isaac D. Huntoon, to whom the above-mentioned lease and deed were made, in consideration of the sum of one dollar to me paid, and of the promise and agreement of John E. Lloyd, to undertake and perform the covenants and agreements on my part in said lease contained, without cost, expense, and liability to me, do hereby covenant and agree with and promise the said John E. Lloyd, his heirs, representatives, and assigns, that if he will perform and carry out without cost or expense to me each and all of the undertakings, covenants, and promises upon my part in the said lease contained and set forth, and hold and keep me free and clear of all liability or loss thereunder, and if he will pay, or cause to be paid, the sum of money above mentioned within the time above specified, which is required to be paid to entitle me to said deed in escrow, so that I shall have the right to receive said deed, and if he will, at the same time he pays or deposits said money to obtain said deed, also pay to me, or deposit to my credit in said Hoge, Brownlee & Co.'s banking-house, the sum of one thousand dollars (in addition to said sum of thirty-four thousand dollars, above mentioned, for the pur-

chase of said property), I will at once make, execute, sign, seal, acknowledge, and deliver to such person or persons as said Lloyd shall direct or appoint, a good and sufficient deed, which shall convey to him or them, free and clear of all encumbrances by me, all the title and interest conveyed to me, or which I am or shall be entitled to under said deed in escrow above mentioned, when the same shall be delivered to me. It is understood that nothing herein shall be taken or construed to release or impair said above-mentioned lease and conveyance in escrow to me, by reason of the said John E. Lloyd being one of the lessors and grantors in said lease and conveyance, the said Lloyd only having a right to a conveyance from me to himself, or such person as he may appoint, upon the terms above mentioned, and not being released by this instrument from said lease or obligation to convey as above set forth."

*Cole & Whitehill*, for Appellant.

The court erred in allowing the defendant to introduce in evidence the paper marked "Exhibit 3." This is the paper commented upon by this court in its former opinion. (7 Mont. 365.) The court say in reference to it: "This contract was wholly irrelevant to the matter in contention, hence it could not aid the jury to know whether it was a declaration in trust, or what it was. It was no contract as to how the services of plaintiff for procuring the deed in escrow and the lease were to be paid, and this was the precise and only point in contention. . . . . It is for the court to construe the instrument, and to say whether it contains a contract, and if it does not contain one pertinent to the issue being tried, to refuse to give any instruction based upon the theory that it does." If this be the law of the case, it is impossible to conceive how under any circumstances this contract could be introduced in evidence. Its introduction and the giving of the instruction hereafter referred to must necessarily have misled the jury, and directed their attention from the contract entered into on the 15th of December, 1885, to the consideration of a paper which merely showed the relation of the parties on the 20th of February, 1886. The fourth instruction asked by the defendant is wrong, and gives a construction to "Exhibit No. 3" which is directly in conflict

with the law of this case as laid down in its former opinion. That instruction is as follows: "While the writing in evidence herein executed by Isaac D. Huntoon to John E. Lloyd is not a contract in itself, nor is it conclusive evidence between parties hereto as to the terms of the contract made by them, yet it is such a writing as you may have in evidence, and may consider for the purposes of arriving at a conclusion in consideration with other evidence, as to what were the terms of the contract between the said parties; and if you find that the original contract between the parties was the same as the terms set forth in the writing, and that the defendant was to pay the plaintiff one thousand dollars only upon the sale of the property described in the deed herein in evidence, then you will find for the defendant." The court in its former opinion say in reference to the recitals in "Exhibit No. 3": "This may be an evidential fact in the nature of an admission going to support the theory of the defendant, and may be admitted in evidence for that purpose alone." This fourth instruction utterly ignores even that view of the paper, and the jury are instructed that they may consider "Exhibit No. 3," "for the purpose of arriving at a conclusion in consideration with other evidence as to what were the terms of the contract between the said parties." The court below, in effect, by the giving of this instruction overruled the decision of this court in its former opinion, and stated the law directly opposite to that in the decision.

*John F. Forbis*, for Respondent.

On the trial of this cause the respondent undertook to follow what, to him, was the plain and evident meaning of the former decision, which is simply this: that while the writing in evidence is not a contract in itself, and is not conclusive upon the parties as a contract, it is yet such evidence as may go to the jury, for the purpose of enlightening them as to what were the actual terms of the contract. Or, in other words, it may be treated as an admission which, while it does not make the contract, and does not necessarily contain the terms of the contract, is, nevertheless, material as indicating, although indirectly, what the terms of the contract were. We have attempted to treat this writing simply as we would have treated a letter written by

Huntoon upon the subject, and not as having any greater weight. We do not understand how it can be contended that the admission of the writing in evidence and the giving of the instructions are not in complete accord with the meaning and intention of the decision.

Liddell, J.—This is a suit upon a verbal contract, as positively denied by the defendant as it is affirmed by the plaintiff. The latter alleges that he was employed by the defendant on the 15th of December, 1885, to procure for him the titles of his co-owners in the Pennsylvania Quartz Lode Mining Claim. He was limited in price to the sum of thirty-five thousand dollars, and the plaintiff's commission was to be the difference between that sum and whatever figures under that at which he succeeded in purchasing; that he purchased the interests alluded to at the sum of thirty-four thousand dollars, and so informed the defendant, who promised, on the thirteenth day of January, 1886, to pay him one thousand dollars for his services. The defendant denies the contract, and sets out that at the time of the employment alluded to by plaintiff, he was then negotiating for the sale of the mine with parties in San Francisco, and so informed the plaintiff; that in order to facilitate the sale it was desirable to have the titles to the mine secured, which was to be done by the plaintiff for the consideration as stated in the complaint, with the understanding, however, that if no sale was effected the plaintiff should have nothing for his services; that the negotiations having failed, he afterward informed the plaintiff thereof, and except in this conditional way, he never promised to pay him anything. There was a judgment rejecting the plaintiff's demands, and the case is before us on a bill of exceptions, properly settled and signed. The record contains the following specifications of error, which we will consider in the order in which they appear:—

1st. The court erred in refusing to allow the plaintiff to ask his own witness, Warren, the following question: "What did you say to Huntoon about your understanding with Lloyd before he went to see Lloyd?"

2d. The court erred in refusing to allow the same witness to state that he had a contract with plaintiff in reference to the

sale of the same mine, and the terms of his agreement, and that the plaintiff was sent to Lloyd to take his, witness' place, in reference to said sale.

3d. The court erred in allowing the defendant to introduce in evidence the document marked "Exhibit No. 3."

4th. The court erred in giving the third and fourth instructions. By referring to the testimony of the witness, Warren, it will be seen that he denies any knowledge of the contract or conversation between the plaintiff and defendant. What conversation he may have had with the plaintiff before the latter had ever seen Lloyd was irrelevant, and calculated to mislead the jury in deciding what was the contract between the plaintiff and defendant. No pretense is made that Warren was the agent of Lloyd in making the contract with Huntoon, that he was the bearer of any messages from the defendant to the plaintiff, or that Lloyd was present during the particular conversation mentioned. There was certainly no ground for the admission of such a conversation. It was clearly hearsay evidence; but as this objection was not made, our remarks are confined to its objectionable character on account of its irrelevancy.

We see no error in the ruling complained of in the second specification of error. Any previous contract which the witness, Warren, may have had with Lloyd concerning the sale of the mine can throw no light upon the subsequent contract made with a different person. They were two separate and distinct contracts, and Warren's contract was to all intents and purposes hearsay evidence. The plaintiff to recover must establish the terms of his own contract, and not that of the defendant with some third person, neither a party to the suit nor to the contract in controversy. Such a statement was properly withheld from the jury. The third objection is to the introduction of "Exhibit 3," which on examination we find to be an instrument in writing, bearing date the 20th of February, 1886, and signed by the plaintiff only, in which he recites that he has leased for six months the interests of certain owners in the Pennsylvania and other mines, and that he had the option of buying them at any time within the six months, and an obligation on his part to sell the same property to Lloyd for the sum of thirty-four thousand dollars, to be paid to the credit of his grantors, and the further

sum of one thousand dollars to be paid the plaintiff at the same time. This instrument was admitted over the objection of the plaintiff, that it was irrelevant and immaterial, and calculated to mislead the jury. When this case was before the Supreme Court upon a former appeal, we find the following expression in the opinion reported in 7 Mont. page 372, in reference to this particular instrument: "This may be an evidential fact in the nature of an admission going to support the theory of the defendant, and may be admissible in evidence for that purpose alone." So that in admitting the document in evidence the judge *a quo* only carried out the previous opinion of the Supreme Court, which, so far as this matter is concerned, is final.

This brings us to the fourth specification of error, that is, the propriety of the third and fourth instructions. An analysis of the third instruction will show that the court charged the jury, that the burden of proof was on the plaintiff to establish his case by a preponderance of proof, and that if the jury found that the defendant was only to pay plaintiff one thousand dollars upon certain conditions and contingencies, which had not happened, then to find for the defendant. In this there was no error, for the instruction contains nothing but plain and elementary propositions, too well established for comment. In considering the fourth instruction it must be borne in mind that by a previous decision of this court, "Exhibit No. 3" had been held admissible in evidence as being "in the nature of an admission going to support the theory of the defendant." The instruction complained of contained these words, that while it was not a contract, "yet it is such a writing as you may have in evidence, and may consider for the purposes of arriving at a conclusion in consideration with other evidence as to what were the terms of the contract between the parties." This instruction appears to have been carefully worded with a view to keep in line with the expression, in the former opinion in this case, upon the character and admissibility of the instrument. If it was proper to be admitted in evidence, it was the duty of the court to instruct the jury as to its nature and the weight to be given it. The Supreme Court having said it was not a contract, there was no impropriety in the trial judge so stating to the jury, and directing them to consider it in connection with the other evidence in

the case in endeavoring to arrive at their verdict. There is nothing in the instruction which varies the rule, that the jury are the exclusive judges of the credibility of the witness, and the weight to be given the evidence introduced. The instruction that the document was to be considered in connection with the other evidence, and accompanied by the reservation that it was not a contract, is as favorable to the plaintiff as could be under the circumstances; it merely left the effect and weight of the instrument to be explained, controlled, and construed by and with the other evidence in the case. In conclusion, it is difficult to see how the plaintiff has been prejudiced by the instruction, or how it could have been modified to suit his views. There is no error in the judgment appealed from, which is hereby affirmed at cost of appellant.

*Judgment affirmed.*

McConnell, C. J., and Bach, J., concur.