PRIEST, Respondent, v. EIDE, et al., Appellants.

[Submitted September 30, 1896.  Decided December 21, 1896.]

Law of the Case—*Former Appeal—Validity of Bond.*—The decision of this court on a former appeal that a bond which was in suit for reformation was valid without reformation when properly construed, was necessarily an adjudication as to the validity of the bond and is therefore the law of the case on a second trial to recover the amount due on the bond. (*Watson* v. *O'Neill*, 14 Mont. 197.)

Interest—*Action on Bond.*—Where a judgment for the defendant in a suit on a bond was reversed on appeal, the plaintiff, upon recovering a judgment on the second trial is not entitled to interest upon his claim from the date of the judgment rendered at the former trial, under section 1237, Fifth Division, Compiled Statutes, allowing interest in such cases after ascertaining the balance due, since the balance due was not ascertained until the verdict was rendered at the second trial.

Appeal—*Rehearing*—A motion for a rehearing will not be granted on a second appeal where the contention of the moving party, if sustained, would require a reversal of the decision on the former appeal.

*Appeal from the First Judicial District, Lewis and Clarke County.*

Action on bond.  Judgment was rendered for the plaintiff below by Blake, J.  Affirmed.

Statement of the case by the justice delivering the opinion.

This is a suit to reform a bond, and for judgment therefor, after reformation thereof has been decreed.  This is the second appeal of the case.  (See *Watson* v. *O'Neill et al.*, 14 Mont. 197.

When the case was here on the first appeal we held substantially that if the bond is construed in connection with the building contract and plans and specifications of the building mentioned in the complaint, as it should be, as all of said instruments were contemporaneous and parts of the same transaction, then there was no necessity for a reformation of the bond; and that the bond so construed was a valid instrument upon which the plaintiff was entitled to recover the amount sued for.  We also held that under the foregoing view all the allegations in the complaint referring to a reformation of the bond were surplusage.

In the second trial of the case below the court ignored all the allegations of the complaint relating to the reformation of the bond, in accordance with the decision of this court, and treating that decision as the law of the case, entered judgment for the amount claimed by plaintiff. The defendants appeal from the judgment and order of the court denying a new trial.

*Henry C. Smith,* for Appellants.

*F. C. Stranahan,* for Respondent.

PEMBERTON, C. J.—We are clearly of the opinion that the action of the trial court in holding the decision of this court in *Watson* v. *O'Neill, et al., supra,* to be the law of the case was correct. We do not see how the court could have done otherwise.

Counsel for the appellants contends that the question of the validity of the bond sued on was not before this court in *Watson* v. *O'Neill, et al.* We think this contention cannot be supported. We held that the bond which was in suit for reformation, and after reformation for judgment thereon, was valid without reformation when properly construed. We necessarily passed upon, and had to pass upon the validity of the bond.

The plaintiff also appeals from the refusal of the trial court to allow him interest on the demand from the date of the judgment rendered at the former trial of the case.

We think the view of the court was correct. The statute, section 1237, Fifth Division Compiled Statutes, 1887, allows interest in such cases as the one at bar after "ascertaining the balance due." The amount, or "balance due," was only ascertained when the verdict was rendered in favor of plaintiff at the second trial of the case.

The judgment and order appealed from are affirmed.

DeWITT, J., concurs.   HUNT, J., disqualified.

## ON MOTION FOR REHEARING.

PER CURIAM.—As stated in the opinion of the court, this is the second appeal of the case. In the first trial of the case the district court sustained a demurrer to the complaint. Thereupon plaintiffs dismissed the suit without prejudice and commenced another suit against the same defendants. On the trial, under the complaint in the new suit, the court non-suited plaintiffs. From this action plaintiffs appealed and this court reversed the judgment of the lower court and held that the defendants were all liable on the bond without its being reformed. The case went back for new trial and the district court followed the opinion of this court and judgment was accordingly rendered against the defendants for the amount of the bond.

The principal ground for rehearing is the contention of appellants that the plaintiff having failed to appeal from the order of the district court sustaining the defendants' demurrer to the complaint in the first suit on the ground that defendants were not liable on the bond, he is now estopped from litigating the matter and that this court has no jurisdiction to determine that matter in this appeal, and had no right so to do on the former appeal.

To uphold this contention would be to grant a rehearing of the former appeal and reverse the conclusion then reached by this court. This cannot be done, especially in view of the fact that a majority of the justices now composing this court were trial judges who had had to do with the case below, and who now deem themselves to be disqualified from passing upon the merits of this appeal, and only participate at all by consent of parties. We must under the circumstances overrule the petition for rehearing, believing the law of the case to have been settled.