CONWAY, RESPONDENT, *v.* MONIDAH TRUST ET AL., APPELLANTS.

(No. 3,524.)

(Submitted May 7, 1915. Decided June 10, 1915.)

[149 Pac. 711.]

*Personal Injuries—Law of the Case—Cross-examination—Evidence—Excessive Verdict—Harmless Error.*

Appeal and Error—Law of the Case.
  1. The decision of the supreme court on appeal is the law of the case on a subsequent trial.
Trial—Cross-examination—Discretion.
  2. Though opportunity to cross-examine witnesses, whether expert or not, is a matter of right, the latitude thereof rests largely in the discretion of the trial court, and its rulings will not be disturbed, except for manifest abuse.

Same—Remarks by Judge—Instructions—Curing Error.

    3. Where the trial judge of his own motion instructed the jury to disregard certain remarks made by him during the trial and claimed by appellant to have been improper, error in this respect was not available.

Same—Cross-examination—Harmless Error.

    4. Error in stopping a cross-examination was without prejudice, where the court later relaxed its ruling sufficient for all proper purposes.

Personal Injuries—Evidence—Similar Injuries—Inadmissible, when.

    5. Where, in an action for personal injuries, it was contended that there were no marks on plaintiff's skull to indicate that he had been hurt seriously by a fall, and a physician had testified that an injury did not necessarily follow from a fall, that he had himself suffered one which left a mark on his head, resembling a fracture of the skull, and from which no serious consequences resulted, refusal to permit him to show the mark to the jury was not error, in the absence of a showing that the conditions attending both injuries were essentially alike.

Same—Excessive Verdicts.

    6. *Held*, that a verdict for $15,000 for injuries to a boy seven years of age at the time of the accident was excessive, and reduced to $10,000, where the evidence, though showing a serious injury of perhaps a permanent or progressive nature and indicating that his earning capacity will be diminished to some extent upon reaching his majority, did not disclose a total loss of earning power.

    [As to what is excessive verdict in action for personal injuries not resulting in death, see notes in Ann. Cas. 1913A, 1361; 14 L. R. A. 677.]

*Appeal from District Court, Silver Bow County; J. M. Clements, a Judge of the First Judicial District, presiding.*

Action by Joseph F. Conway, Jr., a minor, by Joseph F. Conway, Sr., his guardian *ad litem*, against the Monidah Trust, a corporation, and another. From a judgment for plaintiff and an order denying them a new trial, defendants appeal. Judgment modified and affirmed.

*Mr. James E. Murray* and *Mr. Joseph J. McCaffery*, for Appellants, submitted a brief and argued the cause orally.

The witness McCarthy was called as an expert, and defendants were entitled to the widest latitude in his cross-examination for the purpose of testing his qualifications. (Best on Evidence, sec. 514; *Roberts* v. *New York Elev. Ry. Co.*, 128 N. Y. 455, 13 L. R. A. 499, 28 N. E. 486; *People* v. *Morrigan*, 29 Mich. 4; *State* v. *Watson*, 65 Me. 74; *Heald* v. *Thing*, 45 Me. 392.)

Cross-examination directed to testing the accuracy of a witness' testimony or his knowledge and extent thereof, his opportunity for observation or the reasonableness of his evidence should be permitted. (40 Cyc. 2489, 2490; *State* v. *Howard,* 30 Mont. 518, 77 Pac. 50; *Kipp* v. *Silverman,* 25 Mont. 296, 64 Pac. 884; *Cobban* v. *Hecklen,* 27 Mont. 245, 70 Pac. 805; *Hefferlin* v. *Karlman,* 30 Mont. 348, 76 Pac. 757.) While cross-examining the defendants' witness, Dr. Freund, counsel undertook to go into other instances of head injuries. On redirect examination of this witness, we undertook to show that the witness had himself suffered a similar injury to the head, and offered to exhibit the injury to the jury. This was objected to and the objection sustained. This is error. Here is a case where the witness himself had received a severe injury to the head causing a mark resembling a fracture, but which was not in fact a serious injury at all. The evidence was relevant in every respect, and the court should have permitted the witness to exhibit the wound to the jury. (*Reeve* v. *Dennett,* 145 Mass. 23, 11 N. E. 938; *Isbell* v. *New York etc. Ry. Co.,* 25 Conn. 556, 561; *Gillrie* v. *Lockport,* 122 N. Y. 403, 25 N. E. 357.) ''A sufficient ground of admissibility is furnished where physical conditions are shown to have been similar. The observed uniformity or nature raises under such circumstances an inference that like causes will produce like results.'' (*Polly* v. *McCall,* 37 Ala. 20; *Stein* v. *Burden,* 24 Ala. 130, 60 Am. Dec. 453; *Vietti* v. *Nesbitt,* 22 Nev. 390, 41 Pac. 151; *Evans* v. *Keystone Gas. Co.,* 148 N. Y. 112, 51 Am. St. Rep. 681, 30 L. R. A. 651, 42 N. E. 513.) Any other fact or occurrence, the conditions of which are the same in all essential respects, will be deemed relevant. (17 Cyc. 284, note 94; *Aurora* v. *Brown,* 12 Ill. App. 122.)

*Mr. Peter Breen* and *Mr. H. K. Jones,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

This is the second appearance of this cause in this court, and a sufficient statement of the issues will be found in *Conway* v.

*Monidah Trust*, 47 Mont. 269, 132 Pac. 26. The former appeal was after trial upon the merits, and the questions presented involved the sufficiency of the complaint, the sufficiency of the evidence, rulings upon evidence, and certain instructions **[1]** to the jury. The matters then considered and determined are, of course, the law of the case, and, to such of them as the present appeal seeks to again present, attention will not be paid further than to say that they are: The refusal of the court to subject the plaintiff to a physical examination by defendants' experts, the submission to the jury of loss of earning capacity as an element of damage, and the sufficiency of the evidence to show with reasonable certainty the extent of the injuries sustained. Touching the last-mentioned matter, the showing made by the plaintiff is substantially the same as made upon the first trial, which, after full consideration, we pronounced sufficient; and, while it is true that the volume of testimony presented by the defendants has been somewhat augmented, its legal effect is still the same, *viz.,* to create a conflict which it was the province of the jury to resolve.

By assignments numbered I to X, complaint is made of un-**[2]** due restriction imposed by the court upon the defendants in the cross-examination of plaintiff's witness Dr. McCarthy, Dr. McCarthy, it is said, was called as a medical expert; and as expertism has become so cheapened, and the frailties of such testimony have become so notorious, the utmost latitude should be allowed in the cross-examination of persons testifying as experts, in order that their actual qualifications may be ascertained. We may concede the premises without being required to abandon all the rules of procedure designed to prevent collateral matters from obscuring the true issues upon the trial. The opportunity to cross-examine the witnesses of the opposing party is a matter of right, but the latitude of such examination is very largely in the discretion of the trial court, with which this court will not interfere, save in case of a manifest abuse. (*Forrester & MacGinniss* v. *Boston & Mont. etc. Mining Co.,* 29 Mont. 397, 74 Pac. 1088, 76 Pac. 211; *State* v. *Biggs,*

45 Mont. 400, 123 Pac. 410.) In some of the instances complained of, the inquiries were not proper cross-examination; in others, the information sought either had been, or thereafter was, elicited; and in none does it appear that prejudice was suffered. No abuse of discretion is exhibited by the errors assigned in this connection.

2. Under the head "Irregularities Committed by the Court," [3] and embracing the subject matter of assignments XI and XIII, as well as others, the defendants complain of certain remarks made by the trial judge and of the peremptory stoppage of the cross-examination of Dr. McCarthy. If there was any error here, it is not available. No request was made to have the jury directed to disregard the remarks in question, but the jury were in effect so instructed. Presumably this was sufficient. (*State* v. *Bloor*, 20 Mont. 574, 52 Pac. 611.) The ruling by which the cross-examination of Dr. McCarthy was stopped, [4] whether justified or not, was later relaxed to a degree amply sufficient for all proper purposes.

3. Dr. Freund, a witness for the defendants, having testified [5] that an injury does not necessarily follow from a fall, and that he had himself suffered a fall which left a mark upon his head resembling a fracture of the skull, but from which no serious consequences ensued, was asked to show the mark to the jury, but this the court, upon objection, declined to permit. (Assignment No. XII.) It is urged that, the process of nature being uniform, this was relevant to show that the plaintiff, upon whose skull it was contended there were no marks, had not been seriously hurt by his fall. Nothing is more certain than the uniformity of nature, under conditions exactly alike, and nothing is more deceptive than apparent similarities; hence, in every case of reasoning by homology, the identity of the essential conditions must be established when it cannot be assumed. As every condition which might in any wise tend to make Dr. Freund's experience resemble, or to differentiate it from, that of plaintiff, was wholly omitted, we are satisfied no error was committed in this ruling.

4. One of the grounds of motion for new trial now vigor-
[6]   ously pressed upon us is "excessive damages, appearing to
have been given under the influence of passion or prejudice."
The amount awarded by the jury ($15,000) can be justified only
by the assumption that the plaintiff will have no earning ca-
pacity whatever after he reaches the age of majority. But
this, if unwarranted, does not necessarily evince passion and
prejudice; it is rather a miscalculation, the result of which
is subject to correction, under the principles announced in
*Chenoweth* v. *Great Northern Ry. Co.,* 50 Mont. 481, 148
Pac. 330. At the time plaintiff fell into the unguarded shaft
he was seven years old, and that he sustained some injury
in consequence of his fall is not and cannot be disputed. There
is evidence to show that the injury is serious, probably perma-
nent, possibly progressive. From present indications it will
handicap him and diminish his earning capacity to some extent
after he reaches his majority; but that the result will be a total
loss of earning power there is not, in our judgment, any sound
basis in the record for saying. This being so, we think that
$10,000 will afford ample compensation for such injuries as the
evidence establishes with reasonable certainty.

The cause is therefore remanded to the district court of Silver
Bow county, with directions to grant a new trial, unless within
thirty days after the *remittitur* is filed, the plaintiff consent in
writing that the judgment may be reduced to $10,000. If such
consent be given, the judgment will be modified accordingly,
and the order denying a new trial and the judgment, as modi-
fied, will then stand affirmed.                    *Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY con-
cur.