WALLACE, RESPONDENT, *v.* CHICAGO, MILWAUKEE & PUGET SOUND RY. CO. ET AL., APPELLANTS.

(No. 3,624.)

(Submitted February 18, 1916.   Decided May 8, 1916.)

[157 Pac. 955.]

*Personal Injuries—Master and Servant—Rules of Master—Instructions—Appeal and Error—Law of the Case.*

Appeal and Error—Law of the Case.
> 1.   Where a second trial is had upon the same pleadings and substantially the same evidence as upon the first, the decision on the first appeal is the law of the case on the second.

Personal Injuries—Evidence—Immateriality.
> 2.   Where on a former appeal in a personal injury action it was held that the failure of defendant company to provide a safe place in which or safe appliances with which to work could not have caused, or contributed to, plaintiff's injury, offered evidence that plaintiff never made any complaint as to the dangerous character of his work was immaterial, and its rejection not error.

Same—Rules of Employer—Matter of Defense.
> 3.   A trade union rule offered in evidence by defendant company, relative to who should direct machinists or assume responsibility for other men's work, which had not been shown to have been adopted by it, was properly rejected.

---

Generally on the question of vice-principalship as determined with reference to character of act causing injury, see note in 54 L. R. A. 37; and as to statutory liability for negligence of employees exercising superintendence, see note in 58 L. R. A. 33. And for cases passing on the question, for what acts of superior servant is master liable, see note in 51 L. R. A. 548.

As to conclusiveness of prior decisions on subsequent appeals, see note in 34 L. R. A. 321.

Same—Duty of Servant to Obey—Violation of Rule—Effect.

4.    Plaintiff having been directed by defendant's foreman to obey the orders of a fellow-workman, it was his duty to obey, even though contrary to a rule adopted by the company, the violation of the rule thereupon not constituting a defense in an action by plaintiff for consequent injuries.

[As to warnings and instructions to servants engaged in dangerous work, see notes in 1 Am. St. Rep. 28; 1 Am. St. Rep. 548.]

Same—Liability of Employer—Instructions.

5.    An instruction in the exact language of section 5244, Revised Codes, declaring that the employer must in all cases indemnify the employee for losses caused by the former's negligence, was properly given.

Same—Impairment of Earning Capacity—Instructions.

6.    In the absence of a request for a more specific instruction on the plan to be adopted in determining the damages suffered by plaintiff for impaired earning capacity, one in substance the same as that reviewed in *Bourke* v. *Butte etc. P. Co.*, 33 Mont. 267, was proper.

*Appeal from District Court, Custer County; C. C. Hurley, Judge.*

ACTION by William Wallace against the Chicago, Milwaukee & Puget Sound Railway Company and Joseph Feeley. Judgment for plaintiff, and defendants appeal from it and an order denying them a new trial. Affirmed.

*Mr. Geo. W. Farr, Messrs. H. H. Field* and *C. S. Jefferson* of the Bar of Chicago, Illinois, of Counsel, submitted a brief in behalf of Appellant; *Mr. Farr* argued the cause orally.

Was Feeley a fellow-servant or a vice-principal? Under the rule recognized by this court, the question of whether an employee is a vice-principal or a mere fellow-servant is to be determined, not by the grade of service assigned to him, but by the character of his service. (*Gregory* v. *Chicago, M. & St. P. Ry. Co.*, 42 Mont. 551, 113 Pac. 1123; *Verlinda* v. *Stone & Webster Engineering Corp.*, 44 Mont. 223, 119 Pac. 573; *Kinsel* v. *North Butte Min. Co.*, 44 Mont. 445, 120 Pac. 797; *McAllister* v. *Rocky Fork Coal Co.*, 45 Mont. 433, 123 Pac. 696; *Vasby* v. *United States Gypsum Co.*, 46 Mont. 411, 128 Pac. 606.) Where the injury results from dangers caused in the progress of the work, and from the negligent use of safe appliances by fellow-servants, or from the failure to give warning to a servant of

the dangers as they arise from time to time, it belongs to the details of the work, and the master is not liable, since the offending servant is a fellow-servant with a fellow-servant, on the theory that his negligence relates merely to the details of the work. (*Indianapolis Traction & T. Co.* v. *Mathews,* 177 Ind. 88, 97 N. E. 320; *Burch* v. *Louisville etc. Ry. Supply Co.,* 146 Ky. 272, 142 S. W. 414; *Goulding* v. *Eastern Bridge & S. Co.,* 210 Mass. 52, 96 N. E. 71.) A master is deemed to have performed his whole duty where he has supplied an instrumentality which is reasonably safe if it is carefully used by the fellow-servants of the injured person; or, in other words, where an appliance is reasonably safe to operate and the operation necessarily rests upon the care, intelligence and fidelity of fellow-servants of the person injured, the master will not be held responsible for an accident, the nature of which indicates that it must have been due to the manner in which the appliances were operated by one of these workmen. (*Fowler* v. *Chicago & N. W. Ry. Co.,* 61 Wis. 159, 21 N. W. 40; *Hogan* v. *Smith,* 125 N. Y. 774, 26 N. E. 742; *Dana* v. *Crown Point Iron Co.,* 51 N. Y. St. Rep. 238, 22 N. Y. Supp. 455; *Portland Gold Mining Co.* v. *Duke,* 164 Fed. 180, 90 C. C. A. 166.) That the foreman has the power to, and did, direct the progress of the work, and order another servant to do a particular thing, in which he was hurt, does not make him a vice-principal. (*Gittens* v. *William Porten Co.,* 90 Minn. 512, 97 N. W. 378; see, also, *Gonsior* v. *Minneapolis & St. L. Ry. Co.,* 36 Minn. 385, 31 N. W. 515; *McBride* v. *Union Pac. Ry. Co.,* 3 Wyo. 247, 21 Pac. 687; *Linderman* v. *Tennessee Coal, I. & R. Co.,* 177 Ala. 378, 58 South. 900; *Gun* v. *Willingham,* 111 Ga. 427, 36 S. E. 804; *Summersell* v. *Fish,* 117 Mass. 312; *Duffy* v. *Upton,* 113 Mass. 544; *Andre* v. *Winslow Bros. Elevator Co.,* 117 Mich. 560, 76 N. W. 86.)

The respondent was guilty of such contributory negligence as barred his recovery. By assuming the position he did assume and knowing and appreciating the conditions, the weight of the wheels, the dangers incident to their movements, the plaintiff was guilty of contributory negligence. (*Vicksburg Mfg. Co.* v.

*Vaughn* (Miss.), 27 South. 599; *Simmons* v. *Chicago & T. R. Co.,* 110 Ill. 340; *Brooks* v. *W. T. Joyce,* 127 Iowa, 266, 103 N. W. 91; *Miller* v. *Moran Bros. Co.,* 39 Wash. 631, 109 Am. St. Rep. 917, 1 L. R. A. (n. s.) 283, 81 Pac. 1089; *Kirkpatrick* v. *St. Louis & S. F. R. Co.,* 159 Fed. 855, 87 C. C. A. 35; *Schmeizer* v. *Central Furniture Co.,* 134 Mo. App. 493, 114 S. W. 1043.)

*Messrs. Loud, Collins, Campbell, Wood & Leavitt,* for Respondent, submitted a brief; *Mr. Chas. S. Loud* argued the cause orally.

The person on whom is conferred the authority and power to direct work for the safety of servants engaged therein is acting as the master, or, as it is said, is his *alter ego,* and the master is liable for the negligence of the agent he has selected to do his (the master's) particular work. The liability does not depend upon the doctrine of *respondeat superior,* but upon the omission of some duty of the master which he has confided to such inferior employee. (*Flike* v. *Boston etc. R. Co.,* 53 N. Y. 549, 13 Am. Rep. 545; *Crispin* v. *Babbitt,* 81 N. Y. 516, 37 Am. Rep. 521; *Slater* v. *Jewett,* 85 N. Y. 61, 39 Am. Rep. 627; *Hankins* v. *New York etc. R. Co.,* 142 N. Y. 416, 40 Am. St. Rep. 616, 25 L. R. A. 396, 37 N. E. 466.)

It is our contention that Mr. Feeley on the day in question was in the performance of a nondelegable duty of the master, to-wit, the duty of superintendence and supervision of the work in which appellant was engaged at the time he received the injuries complained of, and that he was the vice-principal of the railway company in the giving of orders, one of which was a proximate cause of appellant's injuries. (See *Hall* v. *Northwest Lumber Co.,* 61 Wash. 351, 112 Pac. 369; *Jackson* v. *Danaher Lumber Co.,* 53 Wash. 596, 102 Pac. 416; *Armstrong* v. *Oregon Short Line etc. R. Co.,* 8 Utah, 420, 32 Pac. 693; *Louisville & N. R. Co.* v. *Crady,* 24 Ky. Law Rep. 2339, 73 S. W. 1126.)

The supreme court of California has held that between the assistant foreman and a boy subject to his orders, the relation of fellow-servant does not exist so as to relieve the employer from liability for injuries received by the boy, having obeyed the orders of such foreman. (*Foley* v. *California Horseshoe Co.*, 115 Cal. 184, 56 Am. St. Rep. 87, 47 Pac. 42; *Mullin* v. *California Horseshoe Co.*, 105 Cal. 77, 38 Pac. 535.)  In *Cleveland, C. & C. Ry. Co.* v. *Keary,* 3 Ohio St. 201, the court, in its opinion, in discussing this question, said: "No service is common that does not admit of a common participation, and no servants are fellow-servants when one is placed in control over the other." The facts of the case at bar are much stronger than are those presented in the case of *Dowling* v. *Allen,* 74 Mo. 13, 41 Am. Rep. 298, but they are so similar in some of the essential particulars that we desire to call the court's attention particularly to this case.

This question is a question of fact for the jury.  (*Patnode* v. *Warren Cotton Mills,* 157 Mass. 283, 34 Am. St. Rep. 275, 32 N. E. 161; *Hess* v. *Adamant Mfg. Co.,* 66 Minn. 79, 68 N. W. 774; *Perras* v. *A. Booth & Co.,* 82 Minn. 191, 84 N. W. 739, 85 N. W. 179; *Johnson* v. *Minneapolis Gen. Electric Co.,* 67 Minn. 141, 69 N. W. 713.)

Contributory negligence should be pleaded with the same degree of particularity as is required of plaintiff in pleading negligence.  (*Gleason* v. *Missouri River Power Co.,* 42 Mont. 238, 112 Pac. 394.)  It is nowhere alleged in defendant's answer that there was a safe and unsafe method of doing this work, or that the plaintiff chose the unsafe method, so that no issue was presented by the pleadings.  The burden of proof is upon the defendant to establish this defense, so that it devolved upon it, in this case, to show, if it could, that there was some other method which was safer than the one employed for the doing of the work.  We might say, further, that we understand the rule to be that, "One in the performance of work under the sanction of his employer is not at fault if the manner resorted to in doing the work is similar to that frequently followed by other

workmen." (*Broadfoot* v. *Shreveport Cotton Oil Co.,* 111 La. 467, 35 South. 643; *Coates* v. *Soley,* 194 Mass. 386, 80 N. E. 464.)

HONORABLE R. LEE WORD, a Judge of the First Judicial District, sitting in place of MR. JUSTICE SANNER, disqualified, delivered the opinion of the court.

On a former appeal in this cause (48 Mont. 427, 138 Pac. 499) this court affirmed the order granting a new trial. The following passage from the former opinion forms a pertinent introduction to a consideration of the questions presented on this appeal: "It appears that the plaintiff and other laborers were members of a wheel-press gang at defendant company's shop in Miles City, and on April 4, 1912, were engaged in moving the drive-wheels of a locomotive from a track to a lathe, some thirty feet distant, for the purpose of truing up the wheels; that the wheels were very heavy, and it was necessary to block them in order to hold them stationary; that for this purpose they used short wooden blocks about two inches by six or eight inches, placed in front of and behind the wheels; that this blocking was required on account of the block or iron cast between two or four of the spokes of each wheel, called a counterpoise or balance; and that defendant Feeley was in charge of the lathe. The testimony is conflicting as to whether or not the work of moving the wheels by the wheel-press gang on the occasion referred to was under the direction and supervision of defendant Feeley."

After a careful examination of the evidence and the law applicable thereto, this court came to the conclusion that the only ground of negligence that found support in the evidence was the careless and negligent removal of the block of wood from its position in front of the wheel. It was further held that under the evidence the question whether the defendant Feeley was a fellow-servant of the plaintiff or was a vice-principal of the defendant company should have been submitted to the jury under proper instructions.

On the second trial the question of the negligence of the company in removing the wooden block from its position in front of the wheel and the question whether at the time of the injury the defendant was a vice-principal of the company, and not the fellow-servant of plaintiff, were submitted to the jury. By their verdict the jury, in effect, found that the company was negligent in removing the wooden block from the front of the wheel; that this negligence was the proximate cause of the plaintiff's injuries; and that the defendant Feeley was a vice-principal of the defendant company. The appeals are from the judgment and from an order denying a new trial.

The second trial was upon the same pleadings. The evidence [1] was, in substance, the same as upon the first. The decision upon the former appeal is the law of the case upon this. Numerous errors, both in the admission and in the exclusion of evidence, and in instructions given and refused, are assigned by appellants. All have been carefully considered. Some will be particularly noticed herein. None are prejudicial.

Assignments Nos. 2 and 3 relate to the refusal of the court to permit appellants to show, upon the cross-examination of the [2] witness B. H. Smith, that the plaintiff had never made any complaint as to the dangerous character of the work. As this court held upon the former appeal that a failure of the company to provide a safe place to work or safe appliances with which to do the work, if any such failure existed, did not or could not have caused or contributed to plaintiff's injury, the offered evidence was immaterial. At best it was a matter of defense, and one which appellants could not properly introduce upon the cross-examination of plaintiff's witness.

Nor did the court err in refusing to admit in evidence rule [3] No. 18, which is as follows: "Men in charge of machinists' work shall themselves be machinists. Men not bearing the title of foreman, with pay accordingly, shall not direct other men, or assume the responsibility of other men's work." Three of the assignments of error as to the exclusion of the offered rule arose upon cross-examination of plaintiff's witness, B. H. Smith.

The principal defense was that plaintiff had assumed the risk incident to any neglect or failure to act on the part of the employees of defendant company who were alleged to have been the fellow-servants of the plaintiff. Upon his direct examination the witness Smith had only testified to certain specific directions that he had given to Feeley and the wheel-press gang, of which plaintiff was a member. Under this state of facts the appellants were not entitled to introduce in evidence, on cross-examination, the rule in question, which, if admissible at all, was a matter of defense. The witness Smith did not come within the prohibition of the rule, because he, as machine foreman, had charge of the men and machines in the machine-shop. The rule was a trade union rule, and, so far as the record shows, was never adopted by the railway company. But, even if the [4] rule had been in force as a rule of the company, it would not constitute a defense to this action, in view of the fact that the plaintiff had been directed by the witness Smith, the representative of the master, to obey the orders of the defendant Feeley. (*Mason* v. *Richmond & D. R. Co.*, 111 N. C. 482, 32 Am. St. Rep. 814, 18 L. R. A. 845, 16 S. E. 698.)

Error is predicated upon instructions 4, 17, 18, 19, 20 and 24 as given. While the giving of these instructions was not prejudicial, we note some of the objections urged: Instruction No. 17 [5] is in the exact language of section 5244 of the Revised Codes, and was properly given under *Hardesty* v. *Largey Lumber Co.*, 34 Mont. 151, 86 Pac. 29.

Under the law of this case as declared by this court on the former appeal, instructions Nos. 18, 19 and 20, which submitted to the jury the question of the negligence of the company in removing the block from its position in front of the wheel, and the question whether or not Feeley was a vice-principal, were proper.

Instruction No. 24, the giving of which is urged as error, is [6] the substance of the holding of this court in *Bourke* v. *Butte etc. Power Co.*, 33 Mont. 267, 289, 83 Pac. 470. If the defendants had desired a more specific instruction in reference

to the plan or standard to be adopted in determining the damages for impaired earning capacity, they should have asked for it. (*Bourke* v. *Butte etc. Power Co., supra.*)

Nor do we find that the court committed error in refusing the instructions requested by defendants. In the main, they were covered by those given. The others were incorrect in point of law or inapplicable to the issues as this court declared them to be on the first appeal.

We find no prejudicial error in the record.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.