STATE, RESPONDENT, v. RITZ, APPELLANT.

(No. 5,261.)

(Submitted May 28, 1923. Decided June 15, 1923.)

[216 Pac. 566.]

*Criminal Law—Unlawfully Manufacturing Intoxicating Liquor —Appeal and Error—Law of Case—Cross-examination— Evidence—Exhibits—Admissibility—Harmless Error.*

Appeal and Error—Law of Case.
   1.   Decision of questions by the supreme court on a former appeal is the law of the case upon the same questions on a second appeal.

Criminal Law—Intoxicating Liquor—What not Improper Restriction of Cross-examination.
   2.   Where questions asked a witness for the state on cross-examination had already been answered by him, the court's action in sustaining objections to them did not amount to an improper curtailment of the cross-examination.

Same—Improper Cross-examination.
   3.   Where a witness for the state in a prosecution for unlawfully manufacturing intoxicating liquor did not on a retrial of the cause testify, as he had done on the first trial, that he knew nothing concerning the manufacture of moonshine whisky, questions asked him on cross-examination respecting that subject were properly excluded as not proper cross-examination.

Same—Trial — Interested Witness — Rejection of Testimony — Harmless Error.
   4.   Refusal to permit a witness for the state to be questioned as to his interest in the prosecution, though perhaps technically erroneous, *held* not prejudicial where there was no dispute as to the facts testified to.

Same—Exhibits—Admissibility.
   5.   A bottle of liquor taken from the illicit still operated by defendant, just prior to its dismantlement by the sheriff, and properly identified, was admissble in evidence.

Same—Evidence—Admissibility.
   6.   Testimony by the manager of a store that one of the state's witnesses had purchased the stovepipe which was used to connect the stove in the basement of defendant's house with the chimney in the unlawful distillation of liquor, and that it was charged to and paid for by defendant, the witness' employer, was admissible as warranting an inference of defendant's knowledge of, and participation in the crime.

*Appeal from District Court, Dawson County; Frank P. Leiper, Judge.*

AUGUST RITZ was convicted of unlawfully manufacturing intoxicating liquor, and, from the judgment of conviction and from an order overruling his motion for new trial, he appeals. Judgment and order affirmed.

*Messrs. Hurley & O'Neill,* for Appellant, submitted a brief; *Mr. C. C. Hurley* argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, *Mr. F. S. Foss,* County Attorney of Dawson County, and *Mr. George W. Farr,* for the State, submitted a brief; *Mr. Farr* argued the cause orally.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

This case is before us for the second time on appeal from a judgment of conviction of the crime of unlawfully manufacturing intoxicating liquor. The appeal was also taken from the order overruling the motion for a new trial. The former opinion may be found in 65 Mont., at page 180, 211 Pac. 298. All of the material facts which are stated in that opinion are before us here with the following exceptions: At the first trial the witness for the plaintiff Jack Dell testified that prior to being employed by defendant, August Ritz, he knew nothing concerning the manufacture of "moonshine whisky"; he did not so testify on the retrial, though he admitted having given such testimony formerly. There is no testimony before us that the defendant remained overnight at the farmhouse and "drank rather freely." It does not appear that at the time the witness Levengood carried the sack of sugar to the farmhouse defendant sent Dell into the basement while the sugar was being carried in, with instructions to remove the sack to the basement as soon as Levengood left; nor did Dell testify to having seen Levengood carry the sugar in. There was testimony which was not referred to in the former opinion that the stovepipe which was used to connect the stove in the basement to the chimney was purchased by Dell and charged to

[67 Mont. 511.]

defendant, at a store in Richey, and was thereafter paid for by defendant. On defendant's behalf, the only new testimony was that of a deputy sheriff from Carbon county relative to a conviction of witness Dell of the crime of unlawfully manufacturing intoxicating liquor prior to the time of the operations described in the testimony of the instant case.

There are numerous specifications of error which are relied [1] upon for a reversal. Most of these were considered on the former appeal, and the decision thereon is, as to those questions, the law of this case. Of these, the most notable was the contention that the testimony of the witness Dell, who was a confessed accomplice, was not corroborated to the extent required by section 11988, Revised Codes of 1921. Even if the former decision were not controlling here, we would agree entirely with what was said therein on this point, and that conclusion disposes of the most important question here presented. While not discussed in the former opinion, an examination of the record on that appeal discloses that many other questions were presented which were disposed of with the statement that "they are without merit." For example, it is here urged that the overruling of defendant's objections to questions as to witness Dell's naturalization was error. This same question was raised before and is included in that general statement. We will now discuss such of the questions as require comment and which are presented here for the first time.

There are gathered into one group twelve specifications of [2] error which it is argued show that the cross-examination of the witness Dell was unduly restricted. It is admitted, however, that taken alone some of these rulings would not justify a reversal. Since it is somewhat difficult to discuss the question as presented, we are put to a segregation of the propositions.

A number of the specifications are based on rulings of the trial court sustaining objections to questions concerning the actions of Dell towards the officers from Red Lodge who had been subpoenaed to testify for the defendant. It is argued

that these actions show an interest of the witness in the out-
come of the trial. While this line of examination was entirely
proper, we do not see what could have been developed by the
answers to the questions, objections to which were sustained,
other than had already been elicited. There was testimony de-
veloped by the cross-examination from which it might have
been inferred that Dell was particularly anxious about the
attitude of these gentlemen.

Other questions which are covered by this group were with
[3] reference to Dell's prior knowledge of the methods of
manufacturing "moonshine." The only purpose the answers
to these questions could have had would have been to serve as
a basis for impeachment by contradiction. Since on this trial
of the case Dell had not stated that prior to his employment
by defendant he did not know how to conduct the operations,
the court did not abuse its discretion in keeping the cross-
examination within the main issues.

One of the specifications there grouped was clearly improp-
erly associated with those which we have mentioned. It was as
to the overruling of defendant's objection to a question as to
whether the defendant had given Dell any reason for ordering
the removal of the plant, it having been admitted by Dell that
he had been given such orders. The question was a proper one
and brought forth a response which, if the testimony was be-
lieved by the jury, was a complete answer to the contention
that defendant had ordered Dell to cease the manufacture of
liquor as soon as he had discovered that it was going on. The
answer was in effect that defendant told him that the officers
were beginning to make liquor investigations in that vicinity
and he did not want to be caught.

In our opinion none of the twelve specifications are well
founded, and we do not think that taken together they show
an undue restriction of the cross-examination of the witness.

Two specifications are grouped into one, based on the rulings
[4] sustaining objections to questions of defendant put to
a witness, Elmer Martinson, touching his actions in going to

Red Lodge, the point where the Carbon county officers resided. The only purpose of these questions was to show the interest of the witness and that that interest might have caused the witness to color his testimony in favor of the state. Since there is no dispute as to the facts to which this witness testified, we cannot see how defendant could have been prejudiced by the refusal to permit that line of examination, even granting for the sake of argument that the rulings might have been technically erroneous.

Another of the groups of specifications has to do with the overruling of certain objections to testimony of an expert and to the admission of an exhibit. The argument as to the expert testimony is that the witness was not shown to be competent to give his opinion as to the alcoholic content of the liquor which he examined. We are of the opinion that he was shown to be qualified and that the objection was properly overruled. [5] Nor do we see any error in admitting the exhibit which was a bottle of liquor taken from the still as it was operating just prior to its being dismantled by the sheriff. We think that it was properly identified and was admissible.

Objection was made to the testimony of the manager of the [6] store, from which Dell procured the stovepipe which he used to connect the stove, by means of which he contended the liquor was distilled, as to the fact of purchase, the charge to and payment by the defendant. The overruling of the objections is specified as error. While this testimony was not conclusive and might not have been entitled to great weight, yet from the facts disclosed, an inference might be drawn of defendant's knowledge of and participation in the entire transaction. The testimony was therefore relevant and competent and was properly admitted.

The court refused four of defendant's requested instructions, which were designated as 1, 2, 8 and 10. These rulings are complained of. Instruction No. 1, if given, would have precluded the jury from considering the element of the offense charged of aiding and abetting in its commission. For this

reason it was properly refused. The same is true of No. 2, and in addition we point out that the records of the case disclose that this identical instruction was disapproved in the opinion on the former appeal, and that the instruction on the same subject which was there approved was again given. No. 8 was covered by an instruction which the court gave. As to No. 10, the record on this appeal discloses that this was one of two instructions on the same subject, both of which were requested by the defendant; the court giving one and refusing the other. The instruction given at defendant's request, together with other instructions, amply covered the points about which the requested instruction was intended to inform the jury.

Taking all of the testimony together, we are of the opinion that the evidence was entirely sufficient to warrant the jury in finding defendant guilty of unlawfully manufacturing liquor which, from the testimony as to the process used and as to the product, the jury were warranted in finding was an intoxicating liquor containing more than the prohibited amount of alcohol and was capable of use for beverage purposes. We do not find any reversible error.

It is therefore recommended that the judgment and order be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

*Affirmed.*