CARLSON, Respondent, *v.* NORTHERN PACIFIC RAIL-
WAY CO., Appellant.

(No. 6,495.)

(Submitted October 2, 1929.   Decided November 7, 1929.)

[281 Pac. 913.]

*Messrs. Walker & Walker* and *Messrs. Gunn, Rasch & Hall,* for Appellant, submitted a brief; *Mr. E. M. Hall* argued the cause orally.

*Messrs. Maury, Brown & Maury,* for Respondent, submitted a brief; *Mr. H. Lowndes Maury* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

The plaintiff instituted this action to recover from the defendant the sum of $25,000 damages for injuries alleged to have been by him sustained while in the employ of the defendant railway company by reason of the negligence of a fellow employee in the process of lifting a railroad rail when engaged in unloading railroad rails from a push-car. Upon issue joined the cause was submitted to a jury, which returned a general verdict in plaintiff's favor for the sum of $6,000, with interest thereon from July 28, 1927, and made answer to fonr special interrogatories submitted to it, three of which are favorable to the plaintiff's contention of negligence on the part of a fellow-servant resulting in his injury, and the fourth to the effect that the blank form of contract to be filled out and executed by the plaintiff releasing the defendant from liability on account of the plaintiff's alleged injury was not handed to the plaintiff on May 31, 1927, the date the plaintiff asked to be permitted to return to work after he had been laid off on account of his alleged injury, although he admitted having signed such paper four days after he had resumed work for the defendant company. Judgment was by the court entered upon the general verdict and the special findings of the jury. A motion for a new trial was made upon the sole ground of the insufficiency of the evidence to sustain the jury's findings and verdict, which was by the court denied, and the defendant has appealed from the judgment.

The sole question presented is the sufficiency of the evidence to justify the findings and verdict of the jury. This is the

second appearance of this case on appeal in this court. On the former appeal from a judgment entered upon verdict in the plaintiff's favor for the sum of $8,000, on the first trial of the action, the cause was reversed and remanded to the district court for a new trial because of errors occurring during the trial. (*Carlson* v. *Northern Pac. Ry. Co.*, 82 Mont. 559, 58 A. L. R. 1304, 268 Pac. 549, 551.)

We have carefully reviewed all of the evidence and do not find it at variance with the statement thereof made by Mr. Justice Stark in writing the opinion of this court on the former appeal. The evidence appears to be substantially the same as that which was introduced upon the former trial; therefore, we do not feel called upon to lengthen this opinion by a re-statement of the evidence. Suffice it to say that there is substantial evidence to the effect that the plaintiff is permanently injured, whatever the cause. Those desirous of knowing more of the facts disclosed from the evidence are respectfully referred to the review thereof contained in our former opinion. After a review of the testimony in our former decision, it is therein stated that: "Counsel for defendant have earnestly argued that the motion for directed verdict should have been sustained, because there was no substantial evidence to support the allegations of the complaint; that the plaintiff's testimony was so inherently improbable as to deny it any claim to respect, and that under the rule recognized by this court in *Grant* v. *Chicago, M. & St. P. Ry. Co.*, 78 Mont. 97, 252 Pac. 382, and *Casey* v. *Northern Pac. Ry. Co.*, 60 Mont. 56, 198 Pac. 141, and other cases, the verdict should be set aside and a new trial ordered on that ground." After careful consideration of this contention, we then held in disposition of the subject that: "Upon a consideration of all the testimony, we are impelled to the conclusion that the rule relied upon by counsel is not applicable to the facts disclosed in the record in the instant case."

In the face of such conclusion reached by this court the defendant on this appeal asserts that, "on the former appeal, the appellant earnestly contended, with much confidence in the

merit of such contention, that there was no substantial evidence to sustain the verdict,'' yet ''we are again presenting the question of the insufficiency of the evidence, which is the only ground relied upon in this appeal. We do this for the reason that we believe, with the additional evidence, at the second trial, of contradictory statements by plaintiff, of the physical impossibility of injury as claimed, of his impeachment, and of the inherent improbability of plaintiff's story, that the rule contended for on the former trial clearly applies to the evidence disclosed by the record on this appeal. No motion for a directed verdict was made in the lower court, as counsel felt that as this court had passed upon such question on the first appeal, that the proper place to again raise this question on the new record was in this court.''

The former appeal was after a trial on the merits, and the question as to the sufficiency of the evidence is again urged as ground for reversal of the judgment. Had we deemed the position of the defendant meritorious on the former appeal, we should have so decided, and thus saved the parties needless waste of time and expense incident to a retrial of the case. The evidence introduced by the plaintiff appears to be substantially the same as upon the former trial, which after a careful review and consideration on the former appeal we pronounced sufficient. While it is true that the volume of testimony introduced by the defendants on the second trial appears to be somewhat augmented, its legal effect is still the same, viz., such as to create a direct conflict usually presenting a problem for the jury to solve. (*Conway* v. *Monidah Trust*, 51 Mont. 113, 149 Pac. 711.)

The rule is well established and long adhered to in this state that where, upon an appeal, the supreme court in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal; and this, although upon its subsequent consideration the supreme court may be clearly of opinion

that the former decision is erroneous. While a previous ruling by this court upon a point distinctly made may be only authority in other cases, to be followed and affirmed, or to be modified or overruled according to its intrinsic merits, in the case in which it is made it is more than authority; it is a final adjudication from the consequences of which this court may not depart, nor the parties relieve themselves. (*Creighton* v. *Hershfield*, 2 Mont. 169; *Daniels* v. *Andes Ins. Co.*, 2 Mont. 500; *Palmer* v. *Murray*, 8 Mont. 174, 19 Pac. 553; *Huntoon* v. *Lloyd*, 8 Mont. 283, 20 Pac. 693; *Kelley* v. *Cable Co.*, 8 Mont. 440, 20 Pac. 669; *Davenport* v. *Kleinschmidt*, 8 Mont. 467, 20 Pac. 823; *Priest* v. *Eide*, 19 Mont. 53, 47 Pac. 206, 958; *Wastl* v. *Montana Union Ry. Co.*, 24 Mont. 159, 61 Pac. 9; *Yellowstone Nat. Bank* v. *Gagnon*, 25 Mont. 268, 64 Pac. 664; *Finlen* v. *Heinze*, 32 Mont. 354, 80 Pac. 918; *Easterly* v. *Jackson*, 36 Mont. 205, 92 Pac. 480; *Spratt* v. *Helena Power Transmission Co.*, 37 Mont. 60, 94 Pac. 631; *Conway* v. *Monidah Trust*, 51 Mont. 113, 149 Pac. 711; *Wallace* v. *Chicago etc. Ry. Co.*, 52 Mont. 345, 157 Pac. 955; *Walsh* v. *Hoskins*, 53 Mont. 198, 162 Pac. 960; *Parchen* v. *Chessman*, 53 Mont. 430, 164 Pac. 531; *Barnard Realty Co.* v. *City of Butte*, 55 Mont. 384, 177 Pac. 402; *In re Smith's Estate*, 60 Mont. 276, 199 Pac. 696; *O'Hanlon* v. *Ruby Gulch Min. Co.*, 64 Mont. 318, 209 Pac. 1062; *State* v. *Ritz*, 67 Mont. 511, 216 Pac. 566; 2 Cal. Jur. 949; 4 C. J. 1093; 2 R. C. L. 223 et seq.; 15 R. C. L. 959.)

There are recognized exceptions to the rule (*United States Annuity Ins. Co.* v. *Peak*, 129 Ark. 43, 1 A. L. R. 1259, and note at page 1267, 195 S. W. 392; *Johnson* v. *Cadillac Motor Co.*, (C. C. A.) 261 Fed. 878, 8 A. L. R. 1023, and note at page 1033), but this case does not fall within the category. Here we have previously held that the question of the credibility of the witnesses and of conflict in the evidence was for the jury and that the facts disclosed by the evidence are not so inherently improbable as to deny them all credence. The evidence being substantially the same upon the second trial, we are now foreclosed on this appeal from a different

determination, although upon the record there appears to be considerable merit in the defendant's contention.

On the former appeal of this case, that which was stated on the question of the sufficiency of the evidence was necessary for the determination of the case, and, as is most apparent from a reading of our former decision, the case would not have been remanded for a retrial had it been determined that the evidence was not sufficient to go to the jury. Other matters considered and determined would have been of no pertinency upon a retrial had we been of opinion that there was not sufficient credible evidence to warrant submission of the case to the jury.

The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Matthews, Ford and Angstman concur.