## DUNNING v. STUDT.

No. 5050.    Opinion Filed September 28, 1915.

(151 Pac. 1066.)

1. **APPEAL AND ERROR—Harmless Error—Verdict for Less Than Instructed.** The court instructed the jury that if they found for the plaintiff their verdict should be for $280. The jury returned a verdict in favor of the plaintiff for $102. **Held,** the returning of a verdict for plaintiff for a less amount than instructed by the court is not an error available to defendant, as only the paintiff should be heard to complain thereof.

2. **PRINCIPAL AND AGENT—Authority of Agent—Reduction of Rents—Surrender of Lease.** An agent authorized to execute a rental contract and to collect the accruing rents for his principal, has no implied authority to agree to a reduction of the rents during the term of the lease contract, or to accept a surrender of the lease.

3. **SAME—Sufficiency of Evidence.** Evidence examined, and **held** insufficient to prove authority in the agent to bind his principal by an agreement to reduce the rents, or to accept a surrender of the lease.

(Syllabus by Robberts, C.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by Hans Studt against J. J. Dunning. Judgment for plaintiff, and defendant brings error. Affirmed.

*James S. Twyford,* for plaintiff in error.

*W. A. Smith,* for defendant in error.

Opinion by ROBBERTS, C. This action was instituted by defendant in error, Hans Studt, in the superior court of Oklahoma county against the plaintiff in error, J. J. Dunning, upon a rental contract. The parties hereto will be designated as in the trial court.

On the 1st day of October, 1910, plaintiff and defendant entered into a written lease contract wherein for

a consideration of $60 a month, the plaintiff leased to defendant a certain building owned by him for a term ending the 30th day of September, 1913, the lease being executed on the part of the plaintiff by John Myer as his agent. Defendant entered into possession of the premises, and the monthly rental of $60 was collected by the said John Myer, agent for plaintiff, except for the months of July and August, 1911. According to an oral agreement between the said agent and the defendant, the sum of $50 was paid and accepted as the rent per month for those two months, there being an oral agreement between said agent and defendant that after July 1, 1911, the monthly rental should be $50 only. On September 15, 1911, the defendant vacated the premises, which he testified was done at the request and with the approval of the said John Myer, agent for plaintiff.

Plaintiff testified that the said John Myer had authority only to rent the premises and to collect the rent, and that he had never authorized him to agree to a cancellation of the rental contract. All of defendant's negotiations were with the said Myer, who died before this trial was had. The case was tried to a jury, and a verdict in favor of plaintiff was returned for $102, from which defendant has appealed, and here makes the following assignment of errors:

"(1) That the verdict is not sustained by any evidence and therefore contrary to law.

"(2) That the verdict is contrary to the instructions of the court. It shows upon its face that it is a compromise verdict, and is not sustained by legal evidence."

1. Defendant asserts that under the instructions of the court, if the jury found for the plaintiff, its verdict should have been for $280; but how can he be prejudiced

if the jury, in disregard of the court's instruction, returned a less verdict against him than the plaintiff is entitled to under the court's instructions. The plaintiff alone was the aggrieved party in this instance, and he alone should be heard to complain. No doubt the court would have vacated the verdict if so requested by the plaintiff; but he saw fit to accept the reduced amount rather than undergo another trial. The verdict of the jury, while not conforming to the instruction of the court, is easily explainable. It developed during the trial that the reduced rental agreed to between defendant and the said Myer was $51 per month. The building was vacant during the months of September and October, 1911, the plaintiff having re-rented it for $20 per month, commencing with the 1st of November, 1911, and the jury saw fit to allow plaintiff a verdict against the defendant for the rental for the months of September and October, the months the building was vacant, but the plaintiff, having refused to accept the surrender of the building, re-rented it to another party and sought to hold defendant for the difference between the rental paid by the new party and that stipulated for in the contract, which under the law he had a right to do, and the jury, under the court's instruction, should have returned a verdict in favor of plaintiff for the difference. It is a matter of common note that juries often render such verdicts as met with in this case; but the one towards whom the lenience is shown should not be permitted to take advantage of that fact, for only the other party has any just right to complain.

2. The merit of this case hinges upon the extent of the authority of John Myer as agent for the plaintiff. Myer made the rental contract with the defendant, and collected the rent, and agreed to and accepted a reduction

of the rent, commencing on July 1, 1911, from $60 to $51 per month, and defendant testified that he also agreed that the lease contract might be canceled and terminated in September, 1911. The defendant had no communication whatever with the plaintiff during the entire transaction.

During the trial the defendant was permitted to testify at length concerning oral agrements had between him and the said Myer in regard to the reduction of the rent by the said Myer and the final agreement that he might vacate the premises, if he so desired. The plaintiff moved to strike this evidence upon the grounds that it was an attempt to change a written lease by oral testimony. This motion was sustained, except so far as the same related to the months wherein payments had been made and accepted by the plaintiff, because the evidence does not disclose any fresh consideration for a new agreement. This ruling of the court was correct; but even if it was error, as defendant urges, it still would not have been prejudicial to the rights of defendant, because his evidence signally fails to prove that Myer had any real or apparent authority to bind the plaintiff by such agreements. The plaintiff testified that the only authority given Myer was to rent the premises and collect the rent, and the testimony, including that stricken, does not disclose that Myer ever claimed to have any greater authority. The whole trend of the detailed conversation with Myer was that he had to see the plaintiff before he could agree to anything in regard to the reduction of the rent. McAdams on Landlord and Tenant, sec. 253, lays down the following rule:

"A special agent constituted for a particular purpose, and with a limited and circumscribed authority,

cannot bind the principal by any act in which he exceeds his authority; a person dealing with such an agent is bound to ascertain the extent of his authority, and cannot charge the principal with a contract exceeding the authority actually given."

In section 255 of the same work we find this statement:

"An agent to rent premises and collect rents has no power to consent to the substitution of a new tenant, nor to alter or vary the terms of the original hiring, either as to tenure or as to rent."

"An agent authorized to collect rent for his principal has no implied authority to accept a surrender of the lease." (*Blake v. Dick,* 15 Mont. 236, 38 Pac. 1073, 48 Am. St. Rep. 671.)

"An authority to make a contract for another is not sufficient to authorize its cancellation or surrender." (*Mary L. Stillwell v. Mutual Life Insurance Co. of N. Y.,* 72 N. Y. 385.)

All of the evidence introduced in this case proves that Myer only had authority to make a rental contract for plaintiff with defendant and collect the rent as it became due. The evidence fails to show that he had any real or apparent authority to reduce the rent or to agree to the termination of the lease. The rulings of the court during the trial and his instructions to the jury were more than fair to the defendant, the jury found the issues against him, and the evidence abundantly supports the verdict.

The judgment should be affirmed.

By the Court: It is so ordered.