### STACY v. BROWNE.

No. 14246—Opinion Filed Oct. 16, 1923.

**1. Principal and Agent—Question of Law.**

Where the evidence relied upon to constitute agency consists of a series of letters between the parties and certain oral evidence, all corroborating the letters, held, whether or not the relation of principal and agent existed, was a question of law to be determined by the court; and that it was not error to fail to submit said issue to the jury.

**2. Same—Agency—Issues Raised.**

Where plaintiff alleged that defendant was his agent in a real estate transaction and made certain secret profits, praying judgment for the amount thereof, and the answer denied such agency, held, that the primary issue raised was the agency of the defendant.

**3. Same—Good Faith— Conversion— Liability.**

An agent is required to exercise the utmost good faith in dealing with his principal, and when he sells land and accounts to his principal for a less sum than he received for same, such agent is guilty of conversion of the difference between the amount he received and the amount accounted for.

**4. Appeal and Error—Review of Instructions—Peremptory Instructions.**

In such case where the court, as a matter of law, properly found that the defendant was the agent of the plaintiff for the sale of real estate, it was not error for the court to direct a verdict for the plaintiff where the whole case shows that no other verdict could have been rightly rendered; and this court will not consider exceptions based on instructions refused.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Greer County; T. P. Clay, Judge.

Action by J. S. Browne against P. J. Stacy. Judgment for plaintiff, and defendant brings error. Affirmed.

A. R. Garrett, for plaintiff in error.

Van Dike & Arnett, for defendant in error.

Opinion by ESTES. C. Parties will be referred to as they appear in the court below. Plaintiff, Browne, sued defendant, Stacy, in justice of the peace court, alleging that the latter was his agent for the sale of certain real estate; that Stacy sold the same for $300 but accounted to plaintiff for only $100; that he concealed the value of said land and what it could be sold for and defrauded Browne in the sum of $200. Stacy admitted the sale, and that he remitted only $100, and retained the $200, but denied that he was ever the agent of Browne to sell such land, and alleged that no compensation for services was ever agreed upon. Judgment was for plaintiff in the justice court and on trial in the district court, judgment was for plaintiff on peremptory instruction of the court. The main error assigned is the peremptory instruction for plaintiff.

1, 2. The defendant contends that the evidence as to agency was conflicting, and for that reason the cause should have been submitted to the jury. A fair summary of the evidence on this issue is: Plaintiff testified he placed the real estate in controversy in charge of defendant as agent to sell, together with certain personal property. On being asked whether or not plaintiff ever authorized him to sell any land, defendant answered, "Not until this particular piece of land": although in another part of his testimony there was equivocation. Stacy wrote Browne:

"Shall I make a deal with Flynn, provided I can?" and later:

"Could not do a thing with Flynn, have another fellow, a prospective, who will give only $5 per acre for the 20-acre lot. I think you wrote me sometime ago to sell at that price. If it were mine, I would sell."

Browne replied:

"I will say I will accept your advice and take $5 per acre, net to me, if you can close the deal."

Almost a year thereafter, Stacy wrote: "If you wish to sell your 20 acres here for $100, you and Mrs. Brown please sign the enclosed deed and return to me. I have two men in view for the land. The one gets it who will pay $100 and the abstract. this is the reason I have not put the price of the land in the deed, and the party's name. I can do that when positive sale is made."

Browne replied:

"$10 per acre is the least I would take for the land at present, unless I have authorized you to sell for less, which I do not

remember. If your party is willing to give $10 and the price of the abstract, and everything else is all right, will send you warranty deed."

Stacy replied:

"Will say that you wrote me sometime ago to sell the land for $5. This I can do and they will pay abstract. The land is in your name, so if you want to sell the land, make deed at above price. Then I will close the deal and send your money. Let me know what you will do right away please."

Browne replied:

"I am enclosing deed to 20 acres—if everything is O.K. Take out for your commission and send draft for balance."

Stacy replied:

"Herewith enclosed personal check for $100 for the 20 acres of land. The man who bought it was called away on account of sickness, so closed deal Saturday. * * * Please acknowledge receipt of check."

As soon as plaintiff learned that defendant had sold this land for $300 to a third party and retained the $200, he made demand on defendant for same and then filed the suit. On what theory could defendant retain the $200 and deny his agency under the foregoing testimony? We need not cite authorities to the proposition that agency, when made an issue, is a question of fact to be determined in law actions by the jury. When the testimony bearing upon agency is in writing, the existence of agency is a question of law for the court and not one of fact for the jury. Central Mortgage Co. v. Michigan State Life Ins. Co., 43 Okla. 33, 143 Pac. 175, and cases cited. The evidence in the instant case, outside of the writing, corroborates the writing. Under Gast et al. v. Barnes, 44 Okla. 107, 143 Pac. 856, the primary issue raised in this case was the agency of defendant. The court properly resolved that issue in favor of the plaintiff as a matter of law.

3, 4. Defendant also assigns as error the refusal of the court to give the following instruction:

"You are instructed that unless you find and believe from a fair preponderance of the evidence that the defendant was acting as the agent of the plaintiff in selling the twenty-acre tract of land that there was a specific price at which it was to be sold and that there was an agreement as to the commission the defendant was to receive, then you should find for the defendant."

The theory of the defendant was that because plaintiff had agreed, about a year prior to the sale, to take $100 for the 20

acres of land, that defendant had a right to retain the $200. Since the defendant under said evidence was the agent of plaintiff, he was bound by the law of that relationship. He was required to exercise the utmost good faith in dealing with the plaintiff, and when he sold the land and accounted to his principal for a less sum than he received, he was guilty of conversion of the difference between the amount he received and the amount accounted for. Baird et al. v. Conover et al., 66 Okla. 288, 168 Pac. 997.

We deem it unnecessary to review the evidence showing the fraud of defendant. According to this record, defendant was overwhelmed on this issue. His agency being established, so as aforesaid, the plaintiff was entitled to recover on the testimony of defendant alone. Where no other verdict could rightfully be rendered, the appellate court will not consider exceptions based on instructions refused. Armstrong v. Poland, 56 Okla. 663, 156 Pac. 220; Dunn v. Modern Foundry & Machine Co., 51 Okla. 465, 151 Pac. 893.

It follows that there was no error in refusing to give said instruction and that the judgment of the lower court, based on the peremptory instruction for the plaintiff, was eminently correct. Judgment affirmed.

By the Court: It is so ordered.