## COMBS v. LANGSTON INVESTMENT CO.

No. 13433—Opinion Filed March 11, 1924.

Rehearing Denied June 17, 1924.

1. **Partnership — Fictitious Name — Compliance with Statute—Right to Sue.**

Section 8143, Comp. Stat. 1921, requires partners doing business under fictitious

name to file certificate of partnership, publication, etc., in order to maintain an action. Plaintiffs complied with said statute after filing petition and several months before trial, defendant stipulating to that effect. Held, to be a sufficient compliance with the statute.

**2. Brokers — Right to Commission — Sale by Owner at Reduced Price.**

Defendant listed his property for sale with plaintiffs as brokers. Plaintiffs exhibited the property to the purchaser's wife, advising that defendant owned same and the price. The purchaser, on such information from his wife. negotiated the purchase of the property at a reduced price without the further services of plaintiffs. Held, defendant was liable to plaintiffs for commission on the price received.

**3. Appeal and Error—Harmless Error— Verdict for Less than Amount Warranted.**

The jury returned a verdict for plaintiffs for $200. Under the record, if verdict was for plaintiffs, same should have been for $500. Held, the returning of such smaller verdict was not error available to defendant, as only the plaintiffs should be heard to complain thereof.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by Langston Investment Company, a copartnership. against W. E. Combs for brokers' commission. Judgment for plaintiffs, and defendant brings error. Affirmed,

Wm. G. Davisson, for plaintiff in error.

Brown, Brown & Williams, for defendants in error.

Opinion by ESTES, C. Langston Investment Company, a copartnership, composed of E. H. Langston and O. W. King, defendants in error, as plaintiffs, sued W. E. Combs for $500 brokers' commission on sale of real estate. Parties will be referred to as they thus appeared. Judgment on verdict was for plaintffs for $200.

1. The first assignment is that the court erred in overruling defendant's motion to dismiss the cause for failure of plaintiffs to comply with the statute governing fictitious partnerships in order to maintain an action. The record shows that the plaintiffs filed petition in this action without such compliance; that motion to dismiss on that ground was by the court sustained; that plaintiffs did comply and filed proof with the court clerk and thereafter procured alias summons to be served on defendant;

that thereafter the parties filed a stipulation in court, that prior to the sustaining of said motion to dismiss by the court, plaintiffs had complied; that thereafter, defendant; among other things, pleaded noncompliance, to which plaintiffs replied by general denial; that the cause was tried several months after such compliance and defendant introduced no evidence whatever of noncompliance. The contention of defendant in this behalf is palpably untenable. Counsel for defendant seems to go on the theory that the petition could not be filed before compliance. Where publication is made and certificate thereof filed and pleaded long before the day of trial, the terms of the statute are met. Bleeker v. Miller et al., 40 Okla. 374, 138 Pac. 809; Bolene Refining Co. v. Zobisch Oil Co., 98 Okla. 202, 224 Pac. 942. A fortiori, since defendant stipulated long before trial that the statute had been complied with, he cannot complain.

2. The next error assigned is that the court should have sustained defendant's demurrer to the evidence, for that plaintiffs did not make out a cause of action on contract or under quantum meruit for reasonable value of services. Defendant signed and delivered a written listing of said property, describing same, stating price as $10,-500, but not specifying the commission. Plaintiffs alleged that they advertised and offered said property for sale and showed same to one Braughton, advising him of the said price and the name of the owner, the defendant; that thereafter said Braughton entered into negotiations with and purchased said property from the defendant for $10,000; that such sale was due to the efforts and information given by plaintiffs, and that plaintiffs were entitled to a commission of $500 for making said sale. One of the plaintiffs, Langston, testified that pursuant to said written listing he drove the wife of the purchaser in front of the property, advising her that it belonged to defendant and the price; that said wife stated that her husband would not pay that much, but stated to Langston, "you show him this and I will stay with you on it"; that a few days thereafter the said wife stated to him that defendant would sell the said property for $10,000, and did not see any necessity for paying $10,500; that Langston then told the purchaser and his wife if they could buy the property cheaper from defendant, to do so; that thereafter, and on the same day, said purchaser and his wife did bargain with defendant for the property at $10,000; that the second day thereafter defendant came to the office of plaintiffs, stated he had decided not to sell his property and would not sell it. Mrs. Braughton testified, in sub-

stance, that Langston first showed the property to her. Mr. Braughton testified, in substance, that his wife told him about the property and that he closed the purchase himself directly with defendant and without the aid of Langston.

Schlegel v. Fuller, 48 Okla. 134, 149 Pac. 1118, holds:

"If an owner of real estate lists his property with a real estate broker, and then sells directly, at a reduced price, to a purchaser the broker had found, and with whom he was negotiating a sale, without having introduced him to his principal, then the owner is liable to the broker for a commission on the price received."

See Doub & Co. v. Taylor, 48 Okla. 713, 150 Pac. 687; Roberts v. Markham, 26 Okla. 387, 109 Pac. 127. The evidence referred to conflicted with the evidence of defendant. However, the same reasonably supports the verdict, and under the well known rule, cannot be disturbed here. The foregoing was ample evidence to carry the case to the jury. Sharum v. Sharum, 82 Okla. 266, 200 Pac. 176.

3. Defendant also complains that plaintiffs were entitled to recover $500 or nothing, whereas the judgment on verdict was for $200. The petition of plaintiffs and instructions of the court, though somewhat indefinite, seem to be on the theory of an express contract to pay $500—not on the basis of quantum meruit. The verdict for a smaller amount than warranted by the instructions of the court is not error available to the defendant. Only the plaintiffs should be heard to complain thereof. On request of plaintiffs the court would, no doubt, have vacated the verdict: but plaintiffs saw fit to accept the reduced amount rather than undergo another trial. Dunning v. Studt, 51 Okla. 388, 151 Pac. 1066.

While said listing does not provide for a commission of $500, defendant testified that he priced the property at $10,000 net from which and from the other circumstances, it may be inferred that $500 was added to the listing price as the amount of compensation. Under the statutes, this court is required to disregard any error in the pleadings or proceedings which does not affect the substantial rights of the party appealing. Under this record, it seems that a verdict other than for the plaintiffs could not have been rightfully rendered. Dunn v. Modern Foundry & Machine Co., 51 Okla. 465, 151 Pac. 893; Stacy v. Browne, 99 Okla. 104, 219 Pac. 336.

Under the foregoing, it is unnecessary to consider the contention of defendant that the verdict and judgment are contrary to the law and evidence. It is unnecessary to consider alleged error of the court in refusing to give the instructions requested by defendant, since same were covered by the instructions given. The judgment of the trial court should be and is affirmed.

By the Court: It is so ordered.