PUUTIO, Respondent, *v.* ROMAN, Appellant.

(No. 6,093.)

(Submitted March 31, 1927.   Decided April 28, 1927.)

[255 Pac. 730.]

*Malicious Prosecution—Criminal Charge—Insufficiency not Defense — Evidence — Plaintiff's Reputation — Admissibility — Malice—Damages—Scaling Verdict—When Proper.*

Malicious Prosecution — Insufficiency of Complaint to Charge Criminal Offense Under Which Plaintiff Arrested No Defense to Action.

1.   In an action for malicious prosecution, the fact that the complaint filed by defendant in a justice's court did not state facts sufficient to charge a criminal offense, which, however, resulted in plaintiff being taken into custody, did not preclude plaintiff from maintaining her action for damages.

Same—Proof of Plaintiff's Reputation Admissible in Case in Chief, When.

2.   While generally, in a civil action, the character of the plaintiff is not in issue until attacked, and therefore the giving of affirmative proof of character is not proper, in an action for malicious prosecution, where the main issue is whether defendant had probable cause for instituting the prosecution, plaintiff was properly permitted to introduce proof in her case in chief that her general reputation for chastity and morality in the community was good, she having been charged in the complaint, among other things, with being a prostitute.

Same—Proof of Falsity of Unnecessary Allegation of Criminal Offense That Plaintiff was Prostitute Admissible on Question of Malice.

3.   Where defendant in an action for malicious prosecution in a complaint filed in a justice's court charging plaintiff with an offense unnecessarily alleged that she was a prostitute, proof of the falsity of that assertion was competent as bearing upon the question of malice in instituting the prosecution.

Same—Scaling Verdict by Trial Court Insufficient to Show Passion and Prejudice in Jury.

4.   Where under the evidence in an action for malicious prosecution the jury was justified in finding that defendant in instituting a criminal proceeding against plaintiff did so without probable cause and was actuated by malice and that she was entitled to substantial damages, the fact that the court sustained a motion for new trial unless plaintiff consent to a material reduction of the verdict did not show of necessity that the court found that the jurors were actuated by passion or prejudice in arriving at the verdict.

Same—New Trial—Trial Court may Scale Verdict in Action for Unliquidated Damages.

5.   Where passion or prejudice on the part of the jury in the rendition of its verdict in a damage suit goes no further than to swell the amount awarded, the trial court may order the excess remitted as

---

1.   When is an action sufficiently at an end to support a suit for malicious prosecution therefor, see notes in 2 L. R. A. (n. s.) 928; 39 L. R. A. (n. s.) 1215.

5.   See 20 R. C. L. 316, 317.

[79 Mont. 226.]

a condition to denying a motion for a new trial asked for on the ground of excessive verdict, and this rule is not confined to cases where the amount of excess can be accounted for by resort to mathematical calculations based upon some error in the standard adopted by the jury, but extends as well to actions for unliquidated damages, i. e., actions wherein the amount recoverable rests in the sound discretion of the jury.

Same—Verdict *Held* not Excessive—Discretion.

6. *Held,* in an action for malicious prosecution, that a verdict for $6,000, reduced to that amount from $20,000 awarded by the jury, was not so excessive, in view of the evidence adduced and in the absence of a clear showing of abuse of discretion, as to require a reversal of the judgment.

---

[1] Malicious Prosecution, 38 C. J., sec. 10, p. 389, n. 99

[2] Evidence, 22 C. J., sec. 76, p. 145, n. 27; sec. 561, p. 470, n. 19; sec. 563, p. 472, n. 30. Malicious Prosecution, 38 C. J., sec. 148, p. 476, n. 94; sec. 160, p. 483, n. 69; sec. 193, p. 502, n. 19.

[3] Malicious Prosecution, 38 C. J., sec. 182, p. 493, n. 1.

[4] Damages, 17 C. J., sec. 180, p. 868, n. 51. Malicious Prosecution, 38 C. J., sec. 189, p. 499, n. 78, p. 500, n. 82, p. 501, n. 96. New Trial, 29 Cyc., p. 1023, n. 33.

[5] Damages, 17 C. J., sec. 166, p. 844, n. 2. Malicious Prosecution, 38 C. J., sec. 103, p. 450, n. 79, 82. New Trial, 29 Cyc., p. 1022, n. 31.

[6] Malicious Prosecution, 38 C. J., sec. 99, p. 446, n. 39, p. 447, n. 42; sec. 103, p. 450, n. 77, 80, p. 451, n. 84.

*Appeal from District Court, Carbon County; H. J. Miller, Judge.*

Action by Sadie Mae Puutio against Steve Roman. Judgment for plaintiff and defendant appeals. Affirmed.

*Mr. C. C. Rowan,* for Appellant, submitted a brief and argued the cause orally.

*Mr. John G. Skinner* and *Mr. George S. Smith,* for Respondent, submitted a brief; *Mr. Skinner* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

This is an action to recover damages for an alleged malicious prosecution of plaintiff by the defendant upon a criminal charge. It has heretofore been before this court (*Puutio* v. *Roman,* 76 Mont. 105, 245 Pac. 523), and was remanded to the district

court for a new trial. The facts upon which it is based are
sufficiently set forth in the opinion on the former appeal, and
they need not be repeated here.

Upon the retrial in the district court, the jury returned a
verdict in favor of the plaintiff for the sum of $10,000 actual
and $10,000 exemplary damages, and a judgment was entered
thereon. Defendant made a motion for a new trial upon
various grounds, amongst them being that the evidence was
insufficient to justify the verdict and that the damages awarded
were excessive and appeared to have been given under the
influence of passion or prejudice. Upon a consideration of
this motion, the court made an order to the effect that the same
should be sustained unless the plaintiff should consent to a
reduction of the judgment to the sum of $6,000. The plaintiff
duly filed her written consent to the reduction in conformity
with the terms of the court's order. From the judgment as
thus modified the defendant has appealed and has made six
specifications of error.

1. The first and fourth specifications are based upon a con-
tention that the complaint does not state a cause of action, for
the reason that it fails to allege that the prosecution of the
criminal action against the plaintiff finally terminated in her
favor. This contention is without merit. Paragraph 5 of
plaintiff's complaint contains allegations, showing sufficiently
the fact that the prosecution of the criminal action had been
terminated in plaintiff's favor.

2. Specifications of error 2 and 3 relate to the admission
[1] of certain testimony in the plaintiff's case in chief.
While the complaint in the criminal action instituted by the
defendant in the justice's court did not state facts sufficient
to charge the commission of a crime, that fact did not preclude
plaintiff from maintaining an action for malicious prosecution
based on the proceedings taken as a result of the filing of
such complaint. (*Puutio* v. *Roman,* supra.)

One of the probative facts which the defendant deemed
[2] necessary to state in this complaint, and which he did

state positively under oath in order to procure the warrant for plaintiff's arrest, was that she was a prostitute. The testimony to which the above specifications of error are directed is that of two witnesses which tend to establish, from physical conditions, that plaintiff was not what the defendant charged her to be, and that of several other witnesses who testified to an acquaintance with the plaintiff for various periods of time preceding the date of her arrest, and a knowledge of her general reputation for chastity and morality at the place of her residence in and around Red Lodge, and that her general reputation in the named particulars was good in and about the places where she had resided.

In civil actions, as a general rule, the character of the plaintiff is not in issue until the same is attacked by the defendant, and, until so attacked, it is presumed to be good, and there is no necessity or propriety in giving affirmative proof of such character. "This, as a general rule, is undoubtedly the true rule; but in an action for the malicious prosecution of a criminal action, where the main question in the case is whether the defendant had probable cause for instituting such proceedings, an exception should be made. In such action the plaintiff must prove a negative—that is, prove that the prosecutor did not have probable cause to believe him guilty of the offense charged—and, as bearing upon that question, he ought to be permitted to give evidence of his previous known good reputation." (*Woodworth* v. *Mills,* 61 Wis. 44, 50 Am. Rep. 135, 20 N. W. 728; *McIntosh* v. *Wales,* 21 Wyo. 397, Ann. Cas. 1916C, 273, 134 Pac. 274; 38 C. J. 483.)

The testimony disclosed that both plaintiff and defendant had resided in Red Lodge for a period of at least two years prior to the time this controversy arose, that they had been personally acquainted during that period of time and that the defendant was the proprietor of a moving picture theater which plaintiff frequently patronized. If, as testified to by the several witnesses, the plaintiff's general reputation for chastity and morality in that community was known to be

good, it was for the jury to determine whether that general reputation was known to the defendant when he instituted the criminal proceedings against her.

In his endeavor to state facts in the complaint showing [3] that plaintiff had committed a crime, the defendant went further than was necessary in making the assertion that she was a prostitute. Counsel for defendant argues that it is wholly immaterial in this case whether or not that charge was true. Had the charge been made on information and belief, counsel's argument might be well grounded, but it was not so made. Proof of the falsity of this positive assertion was competent as having some bearing upon the question of malice.

3. In discussing assignments of error 5 and 6, counsel for [4] defendant urges in his brief that, by reducing the amount of damages which the jury awarded to plaintiff, the court of necessity found that the verdict of the jury was influenced by passion or prejudice, and therefore defendant was entitled as a matter of right to have his motion for a new trial sustained on that ground. A similar contention was made in the case of *Bull* v. *Butte Electric Ry. Co.*, 69 Mont. 529, 223 Pac. 514, and, in disposing of it, this court said: "It does not follow, however, from the order now under review that the trial court found that the jurors were actuated by passion and prejudice. While it is true that the mere fact that a verdict is excessive is not made a statutory ground for a new trial (*Kelley* v. *Daily Co.*, 56 Mont. 63, 181 Pac. 326), the contention that the damages awarded are excessive may be raised under the specification that the evidence is insufficient to sustain the verdict (1 Spelling on New Trial and Appellate Practice, sec. 247; 1 Hayne on New Trial and Appeal, secs. 94 and 95)."

It must be conceded that the evidence was sufficient to justify a finding by the jury that defendant, in instituting the criminal proceeding against the plaintiff, did so without probable cause, and that he was actuated by malice. The verdict may therefore fairly be said to be within the purview of

[79 Mont. 226.]

the evidence and not founded upon extrinsic considerations. This condition of the record involves the further concession that plaintiff was entitled to recover from the defendant such an amount as would compensate her for any injury which she had sustained. And to us the evidence indicates that it was sufficient to entitle the plaintiff to a verdict for substantial, not merely nominal, damages. We think it would be impossible to say from the record before us that it is apparent that passion or prejudice entered into and influenced the decision of the jury in its determination that the plaintiff was entitled to recover such substantial damages from the defendant.

And it further seems clear that, if passion or prejudice [5] influenced the jury's verdict at all, it went no further than to swell its amount. When this condition appears, the excess may be ordered remitted as a condition to denying a motion for a new trial. (*Griffin* v. *Chicago, M. & St. Paul Ry. Co.*, 67 Mont. 386, 216 Pac. 765; *Bull* v. *Butte Electric Ry. Co.*, supra.)

Under these specifications of error counsel for defendant further contends that the trial court has authority to scale a verdict only when it is apparent that there is some standard by which the damages may be computed, and that the jury used the wrong standard of computation, or did not calculate correctly, and, because that condition does not exist in this case, the court exceeded its authority in modifying the judgment by reducing it to $6,000 as a condition of overruling defendant's motion for a new trial; in other words, that the rule permitting the scaling of verdicts does not apply where the action is for unliquidated damages.

In support of this contention, citation is made to expressions in some Montana cases which seem to justify it. Notwithstanding such expressions, an examination of our cases discloses that this court has in a great number of instances approved the scaling of verdicts in actions for unliquidated damages, wherein the amount recoverable rested in the sound discretion of the jury, and amongst them we cite *Kennon* v.

*Gilmer,* 9 Mont. 108, 22 Pac. 448; *Flaherty* v. *Butte Electric Ry. Co.,* 43 Mont. 141, 115 Pac. 40; *Conway* v. *Monidah Trust,* 51 Mont. 113, 149 Pac. 711; *Cornner* v. *Hamilton,* 62 Mont. 239, 204 Pac. 489; *Anderson* v. *Wirkman,* 67 Mont. 176, 215 Pac. 224; *Griffin* v. *Chicago, M. & St. Paul Ry. Co.,* supra.

This identical contention was presented to and fully considered by this court in *Bull* v. *Butte Electric Ry. Co.,* supra, and in disposing of it, the court, speaking through Mr. Justice Holloway, said: "In *Chenoweth* v. *Great Northern Ry. Co.,* 50 Mont. 481, 148 Pac. 330, a question was suggested as to the propriety of applying the rule in any case except where the amount of the excess can be accounted for by resort to mathematical calculations based upon some error in the standard adopted by the jury—a rule which prevails in a few jurisdictions—but the question before us then was not *res integra* in this state. The overwhelming weight of authority sustains the view that the rule is applicable to actions for unliquidated damages— that is to say, to actions wherein the amount of damages recoverable rests in the sound judgment and discretion of the jury. (20 R. C. L. 317, sec. 100; 39 L. R. A. (n. s.) 1067.)

In conclusion, counsel for defendant contends that even the [6] judgment as reduced by the lower court is excessive and ought not to be sustained for that reason.

In fixing the amount of damages to be awarded to the plaintiff, it was proper to take into consideration, amongst other things, the injury to plaintiff's reputation, the humiliation and disgrace to which she was subjected, and her mental suffering caused by the acts of the defendant of which complaint was made. Of course there is no definite standard by which these items can be measured. Their ascertainment depends upon the particular circumstances of each case, the relative situation of the parties, the degree of malice shown, the general impression made at the trial from the whole evidence, the character and manner of the witnesses, and variety of other circumstances which cannot be shown in a printed record. The learned judge of the trial court had the superior

advantage of observing the appearance of the parties and their witnesses during the progress of the trial. He was in position to determine between the apparent and the real, and to exercise an independent judgment upon what was a fair compensation to be awarded to the plaintiff. His action ought not to be disturbed in the absence of a clear showing of an abuse of discretion. No such showing is made here.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Myers, Matthews and Galen concur.