**BANK OF PICHER v. C. D. & G. INV. CO.**

No. 19778. Opinion Filed Sept. 17, 1929.

A. Clark, N. C. Barry, and F. W. Church, for plaintiff in error.

Frank Nesbitt, for defendant in error.

REID, C. On May 26, 1927, the Picher Motor Company of Picher, Okla., gave to the C. D. & G. Investment Company, a corporation, as payment on debt a check for $500 and another for $516.01. On the next day these checks were deposited by the payee in the Bank of Picher, Okla., and credit for the amount of the checks was at that time given to the depositor by the bank. On August 13, 1927, these checks were charged back against the account of the depositor, C. D. & G. Investment Company, whereupon the investment company then drew its check on the bank for the amount so charged back.

Payment of this check being refused by the bank, the investment company brought this suit against the bank claiming that it was negligent in holding the checks and failing to collect them; that while being so held without notice of their nonpayment to the investment company, the motor company became insolvent about August 1, 1928; that by the negligence and carelessness of the bank, the plaintiff was unable to collect the checks in the sum of $1,016.01, for which it asked judgment.

The bank by answer traversed the plaintiff's allegation of negligence and pleaded matters showing a complete defense. A trial was had before a jury, and a verdict was returned for the plaintiff investment company for $508, for which sum judgment was entered, and the bank appeals.

The bank, in effect, urges the one proposition for reversal. The question is stated in this manner in its brief:

"The matter of arriving at the amount of recovery by the plaintiff was merely one of simple mathematical calculation."

"The amount of the verdict, $508, could be arrived at by no calculation under the evidence, and, being for precisely one-half the sum sued for, is apparently a compromise verdict or founded upon conjecture of the whim of the jurors."

It seems conceded that if the jury had returned a verdict for the amount sued for, or for one or two smaller amounts than that, though greater than that given, then the verdict could stand as being supported by the evidence. But it is argued that there is no evidence to support the particular amount found, and it was therefore reversible error for the lower court to refuse to set aside the verdict on motion by the party against whom such verdict was returned.

The argument to support this contention is somewhat plausible, but we cannot agree with the conclusion urged. If there be evidence to support a verdict for a larger amount, why should the defendant be heard to complain because the jury, for any reason, or without reason or excuse, placed against it a verdict for a smaller amount?

This court has definitely answered the question here presented adversely to appellant's contention in the following cases: Dunning v. Studt, 51 Okla. 388, 151 Pac. 1066; Combs v. Langston Investment Co., 100 Okla. 21, 227 Pac. 94; Parmenter, Trustee, et al. v. Douglas Tank Co., 115 Okla. 193, 241 Pac. 471; Simons v. Harber, 116 Okla. 233, 243 Pac. 510.

It is unnecessary for us to discuss or refer

to cases from other courts involving the same question when the matter has been so clearly settled by the decisions of this court.

The judgment of the trial court is affirmed.

FOSTER, LEACH, DIFFENDAFFER, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.