### REVARD v. GIVENS et al.

No. 18806.   Opinion Filed Oct. 8, 1929.

See, also, 132 Okla. 52, 270 Pac. 87.

A. Plack Carr and Wilson & Duncan, for petitioner.

Sands & Campbell, for respondents.

CULLISON, J.   This case is before this court on a petition for writ of prohibition, filed by the petitioner, Mark S. Revard, October 6, 1927, asking this court to restrain or enjoin the county court of Osage county, Okla., from further administration of the guardianship estate of the petitioner, then pending in said county court of Osage county, Okla.

An examination of the record in this case discloses that the cause, concerning which relief is asked in the petition for the writ of prohibition here under consideration, was pending in this court on appeal, No. 18730, at the time this petition was filed in this court; in which appeal Mark S. Revard was plaintiff in error, and a cross-petition in error was filed in said cause by Dora B. Givens, the guardian, defendant in error, and one of the respondents here.

The record further shows that a petition for writ of prohibition, No. 18363, was also filed in this court May 23, 1927, in which the present petitioner, Mark S. Revard, asked this court to enjoin the respondent in the instant case, Henry Wood, judge of the county court of Osage county, Okla., from further administration of the guardianship estate of the petitioner then pending in the county court of that county. The record shows that on June 7, 1927, this application for writ of prohibition was by this court denied.

On March 27, 1928, subsequent to the filing in this court of the petition here under consideration, No. 18806, and subsequent to the filing and denial of the petition for writ of prohibition No. 18363, above referred to, this court, through Commissioner Leach, handed down an opinion styled:

"In the Matter of the Guardianship of Mark S. Revard, Incompetent.

"Mark S. Revard, Petitioner in Error, v. Dora B. Givens, Defendant and Cross-Petitioner in Error.   No. 18730."

—and held (134 Okla. 202, 272 Pac. 480):

"From an examination of the record in this cause we are of the opinion that part of the judgment of the trial court postponing and suspending judgment, restoring the petitioner to capacity until such time as the obligations of the guardians of the ward are satisfied, was without the issues in the case and not within the power of the court to so order.

"The cause is therefore reversed, with directions to enter judgment restoring the petitioner to capacity in accordance with the finding that he is of sound mind and mental capacity of taking care of himself and his property, and that he be discharged from guardianship."

The mandate in the above case, No. 18730, with opinion attached, went down December 28, 1928. The questions presented by the petition for writ of prohibition here under consideration are therefore moot. The application for writ of prohibition is therefore denied.

All the Justices concur.

Nate—See "Appeal and Error," 4 C. J. §2383, p. 575, n. 80