## CITY OF SAPULPA et al. v. HARRIS, Judge.

No. 20552. Opinion Filed April 29, 1930.

C. B. Rockwood, City Atty., Grady Lewis, R. K. Robertson, and F. E. Murrell, for plaintiffs.

Edgerton & Vickers and Walker & Lewis, for defendant.

CULLISON, J. This is an original proceeding in this court for a writ of prohibition, filed by the plaintiffs herein, the city of Sapulpa and C. B. Rockwood, as city attorney of said city, asking this court to restrain and enjoin the defendant herein, Thos.

S. Harris, as judge of the Twenty-Second judicial district of the state of Oklahoma, from exercising further jurisdiction in cause No. 18319, in the district court of Creek county, Oklahoma, or to do or to perform any acts therein except to dissolve the temporary injunction theretofore issued by said court and dismiss said cause of action.

The facts in this case, in so far as pertinent to the questions presented to this court by the petition for writ of prohibition, here under consideration, are as follows:

On March 8, 1929, one Oscar Carnes was issued a permit by the city of Sapulpa, acting through its city health officer, to haul trash for said city "for a period of one year from that date." Said permit was regularly issued as provided in the city charter of said city.

Thereafter, the city of Sapulpa amended the city charter, and under the provisions of the amended charter attempted to revoke the permit theretofore issued to Carnes.

Carnes, however, continued to haul trash under the permit theretofore issued him, but was placed under arrest by said city and charged with hauling trash in and upon the streets of Sapulpa without a written permit of the health officer of said city or of the city manager.

Thereafter, and on July 8, 1929, Carnes filed a petition in the district court of Creek county, Oklahoma, which said county is one of the counties comprising the Twenty-Second judicial district of Oklahoma, wherein Carnes alleged in detail the facts above stated and prayed that said city of Sapulpa, its officers, and agents be perpetually enjoined from in anywise hindering said Carnes in the conduct of said business **during the period covered by said permit**; and that a restraining order issue forthwith restraining said city and its agents pending the trial of said cause upon the merits.

On July 9, 1929, after a hearing on the petition of Carnes, the defendant herein, Thos. S. Harris, judge, granted a temporary injunction against the city of Sapulpa, as prayed for in said petition, until further order of said court.

On July 18, 1929, the plaintiffs herein filed in the Supreme Court of Oklahoma, their petition for writ of prohibition, as above set forth.

On July 25, 1929, the defendant judge filed in this court his demurrer to said petition for writ of prohibition.

We are of opinion the questions presented by the petition for writ of prohibition here under consideration are now moot.

As heretofore noted, said Carnes was issued a permit to haul trash for said city for a period of one year from March 8, 1929.

Carnes' petition filed in the district court of Creek county, July 8, 1929, prayed for a permanent injunction enjoining said city from hindering him in the conduct of said business during the period covered by said permit. In other words, the relief sought by Carnes in said district court action was an injunction enjoining said city from hindering him in the conduct of said business up to the time when said permit expired by its terms, or until March 8, 1930.

The temporary injunction granted by said defendant judge, in accordance with said petition and the prayer therein contained, likewise was effective during the period covered by said permit, and up to the time said permit expired by its terms (March 8, 1930), or until further order of said court.

Said permit having expired March 8, 1930, the temporary injunction enjoining the city of Sapulpa from hindering Carnes in the conduct of said business during the period covered by said permit likewise expired as of said date, by operation of law, and the questions arising out of the granting of said temporary injunction in cause No. 18319, above, and presented by the petition for writ of prohibition herein, therefore became moot as of said date.

It, therefore, follows that the granting of said petition for writ of prohibition by this court would be a useless act.

In Revard v. Givens, 139 Okla. 60, 281 Pac. 233, this court held:

"Where no benefit can result either to litigants or the public by decision in an issue, the cause will be dismissed as academic or moot."

In Raasch v. Dancy, Sheriff, 127 Okla. 126, 260 Pac. 14, the court held:

"Where the questions presented by an appeal have become moot, the appeal will be dismissed."

The questions presented by the petition for writ of prohibition here under consideration having become moot, the application for writ of prohibition is denied and this cause dismissed.

LESTER, V. C. J., and CLARK, RILEY, HEFNER, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT, J., absent.

Note.—See "Appeal and Error," 4 C. J. §2383, p. 575, n. 80.