## STATE v. LYTTON et al.

No. 19527.  Opinion Filed April 21, 1931.

W. L. Coffey, Co. Atty., and Hugh Webster, Asst Co. Atty., for plaintiff in error.

Moss & Young, for defendants in error.

PER CURIAM.  This is an appeal from the judgment of the district court of Tulsa county in an action wherein plaintiff in error was plaintiff below.  Plaintiff in error in due time served and filed its brief in full compliance with the rules of this court, but the defendants in error have wholly failed to file any brief, pleading, or to otherwise appear in this court on the merits of the cause, nor have they offered any excuse for their failure to do so.

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the cause, with directions in accordance with the prayer of the petition in error."  City National Bank v. Coatney et al., 122 Okla. 233, 253 Pac. 481.

In this case the petition in error prays that the judgment rendered in the cause be reversed and that the trial court vacate its former judgment, and we find upon examination the authorities cited by plaintiff in error reasonably support the contention of the plaintiff, and we therefore reverse the judgment of the lower court and direct it to vacate its former judgment and enter judgment in favor of the plaintiff in error.

## CONTINENTAL SUPPLY CO. v. ANDREWS, Co. Treas.

### FRICK-REID SUPPLY CO. v. SAME.

Nos. 19800, 19801.  Consolidated.

Opinion Filed April 21, 1931.

Stone, Moon & Stewart, for plaintiff in error.

Roy R. Carver, Co. Atty., for defendant in error.

PER CURIAM.  This is an appeal from the judgments of the district court of Kay county in actions wherein the plaintiffs in error were plaintiffs.  These causes are consolidated in this court under No. 19801.  The plaintiff in error has served and filed its brief in this cause as required by the rules of this court, but the defendant in error has failed to file brief or offer any excuse for his failure to do so.  We have examined the brief of the plaintiff in error and its assignments of error are reasonably supported by the authorities cited therein.  Under the oft-repeated holdings of this court we are not required to brief a case on behalf of the defendant in error or to search the record to find some reason why the judgment appealed from should be sustained.  Home State Bank v. Oklahoma State Bank, 51 Okla. 389, 151 Pac. 1044; Love Motor Co. v. Croskell, 141 Okla. 139, 284 Pac. 297. The judgment of the trial court is reversed, and the cause remanded for a new trial.