## COSDEN PIPE LINE CO. v. SEYBOLD.

No. 20779.   Dec. 19, 1933.

Rehearing Denied April 17, 1934.

J. C, Denton, J. H. Crocker, R. H. Wills, H. M. Gray, J. P. Greve, and I. L. Lockewitz, for plaintiff in error.

A. E. Montgomery, for defendant in error.

ANDREWS, J. The defendant in error was the plaintiff in the trial court, and the plaintiff in error was the defendant therein.

. The plaintiff filed in the district court of Tulsa county, Okla., a petition with an itemized statement of account attached thereto, in which he alleged that the defendant was indebted to him in the sum of $2,816.40 "for and on account of work and labor, building tank grades, road work, furnishing men, teams and tools therefor, and extra men." Thereafter he amended the petition to show the amount claimed to be $2,744.50. The verified answer thereto consisted of a denial and an affirmative plea that the plaintiff had failed to use skill and diligence in the performance of the contract, which should have been completed at a cost of approximately $2,000; that the defendant had paid the plaintiff the sum of $3,133.50, being an over-payment in the amount of approximately $1,133.50, and that by reason thereof the plaintiff had been fully paid. The jury returned a verdict for the plaintiff. On motion for new trial, the trial court required a remittitur in the amount of $500, which was filed, and judgment was rendered in conformity with the verdict, less the amount so remitted. The defendant appealed to this court.

The defendant contends that the judgment was not sustained by sufficient evidence and is contrary to the evidence.

Since the record shows that the cause was submitted to the jury without a demurrer to the evidence, a motion for an instructed verdict, or other attack upon the sufficiency of the evidence, that contention is settled by an application of the rule stated in Crow v. Wells, 143 Okla. 69, 287 P. 1042, and the cases therein cited. The defendant contends that when the trial court was unable to approve the verdict, it "was without the power to order a remittitur for $500, since there is absolutely no evidence whatever in the record herein from which said $500 could have been arrived at, but should have granted the defendant a new trial." It admits that it does not base its claim on the provisions of the statute relating to excessive damages. It bases its claim on the provision of the statute with reference to error in the assessment of the amount of recovery. Its assignment of error with reference thereto is as follows:

"Error in rendering judgment on the verdict of the jury in that the amount of said verdict, even after the remittitur of the defendant in error, was excessive, too large and not sustained as to said amount by the evidence."

Since the sufficiency of the evidence to sustain the verdict cannot be questioned herein, as hereinbefore stated, we will confine our discussion to the contention of the defendant that in this kind of an action the trial court should have granted the defendant a new trial.

In the brief of the defendant it is said:

"So far as we have been able to find, the Supreme Court of Oklahoma has never passed on the identical question involved. But other courts have."

In support thereof it states that the case of Van Fleet v. O'Neil (Nev.) 192 P. 384, is directly in point. However, after analyzing that decision, it admits that it is not in point for the reason that therein the party against whom the remittitur was ordered appealed from the order requiring the remittitur. Herein the remittitur was against the plaintiff, and the plaintiff did not appeal. The defendant contends that the rule stated in the decision cited should be applicable to either party to an action. We do not agree. If there was any error of the trial court in requiring the plaintiff to file a remittitur, that error was in favor of and not against the defendant. Such an error is not a reversible error. Section 252, O. S. 1931. Error of the trial court in requiring a plaintiff to file a remittitur is not an error of which the defendant may complain. Such is the effect of the decision of this court in Combs v. Langston Investment Co., 100 Okla. 21, 227 P. 94, wherein in an action on a contract the verdict should have been for $500 and was for $200, and wherein this court held that the returning of such smaller verdict was not error available to the defendant. See, also, Dunning v. Studt, 51 Okla. 388, 151 P. 1066.

We have carefully reviewed the Oklahoma decisions cited by the defendant, and we find none of them applicable to the issue presented. Some of the Kansas decisions cited by it are persuasive. This court follows the general rule that a remittitur may be ordered where the amount of the verdict is excessive, whether the excess is susceptible of computation or not. The defendant admits the application of that rule in this state, but it contends that it is applicable only in damage cases.

In 20 R. C. L., page 317, section 100, it is said:

"In other jurisdictions it is the practice to permit a remittitur where the verdict is excessive whether the excess is susceptible of computation or not, and this is the more general rule."

A large number of cases are cited in support of that statement. We do not consider it necessary to cite them herein, but we call attention to the additional citations in the permanent supplement, as follows: Schendel v. Bradford, 106 Ohio St. 387, 140 N. E. 155; Bull v. Butte Electric R. Co., 69 Mont. 529, 223 P. 514; Woodhouse v. Woodhouse, 99 Vt. 91, 130 Atl. 758, and Puutio v. Roman, 79 Mont. 226, 255 P. 730, and Miles v. Fall River County, 50 S. D. 240, 209 N. W. 360, cited in the supplement to the permanent supplement thereof.

In the reply brief the defendant relies almost entirely upon the decision in Van Fleet v. O'Neil, supra. In that case the plaintiff sued to recover for legal services performed. The jury returned a verdict in his favor in the amount of $3,500 and interest. The defendant filed a motion for new trial. The trial court made an order that the plaintiff file a remittitur in the amount of $1,000; that upon the filing thereof a new trial would be refused and the verdict stand for the residue, to wit, $2,500, and that if the remittitur was not filed a new trial should be granted. The defendant appealed from the order denying the motion for new trial and from the judgment. The plaintiff appealed from the order requiring the remittitur. On appeal the Supreme Court vacated the order requiring the remittitur and sustained the verdict of the jury as rendered. Under the rule stated in that case, if the plaintiff in this case had appealed, it would have been the duty of this court to vacate the order requiring the remittitur. We are at a loss to understand how the defendant in this case can have any benefit from that decision. The failure of the plaintiff in this case to appeal in no wise operated to affect the judgment which was rendered in his favor. In this case the defendant has appealed and the burden is upon it to show that the judgment rendered against it is excessive. The defendant was saved the trouble of showing that the verdict was excessive to the amount of $500 by the compliance of the plaintiff with the order for remittitur. If the judgment as rendered, after giving effect to the remittitur, is not excessive, then the defendant is not entitled to have that judgment vacated. In view of the failure to question the sufficiency of the evidence, and in view of the fact that the issues in this case presented a question for determination by the jury, this court cannot say that the verdict rendered was excessive.

After a careful review of the authorities pertaining to the subject, we find and hold that, in an action on contract, where the amount due is dependent upon conflicting evidence and by reason thereof is to be determined by the jury, the amount of the verdict of the jury, if within the issues made by the pleadings, is conclusive upon a court. We further find and hold that in such a case the error, if any, of the trial court in directing a remittitur to be filed as a condition precedent to the denial of the motion for new trial on the ground of error in determination of the amount of recovery, is not such error as to cause a reversal of the judgment rendered for the amount of the verdict less the amount of the remittitur.

We are not unmindful of the rule stated by this court that the trial court should grant a new trial where the court honestly believes that it should not concur in the verdict as returned. However, that rule is not applicable in the present case, for herein the trial court did not grant a new trial.

The issues made by the pleadings in this case required a determination by the jury of the amount, if any, due to the plaintiff. That amount was dependent upon the view taken by the jury as to the conflicts in the evidence submitted to it. If it believed the testimony of the witnesses offered by the plaintiff, the verdict as rendered was a proper one. If it believed the testimony of the witnesses offered by the defendant, it might not have returned that verdict. To require a new trial would have been again to submit to the jury the same evidence. Under the facts shown by the record in this case, we find and hold that there was no reversible error of which the defendant can complain in the trial court requiring the plaintiff to remit a por-

tion of the amount found by the jury to have been due to him.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.