## CAMPBELL v. REYNOLDS.
No. 22805. Feb. 20, 1934.

Tom Waldrep, L. H. Akin, and W. R. High, for plaintiff in error.

Holley & Holley and Goode, Dierker & Goode, for defendant in error.

PER CURIAM. On the 14th day of May, 1931, relator filed his application in the district court of Pottawatomie county, praying for a peremptory writ ordering and commanding J. H. Reynolds to vacate the office of member of the board of education of the city of Maud from ward 2 of said city. On the 16th day of June, 1931, a judgment adverse to the relator was rendered by the court, and the appeal therefrom was filed herein September 8, 1931.

On December 12, 1933, a motion to dismiss the proceedings was filed by J. A. Reynolds, defendant in error, stating that on the 21st day of March, 1933, Roy Taylor was elected to said contested office, and has qualified and assumed the office and said J. A. Reynolds is no longer a member of the school board of the city of Maud, and the controversy between the plaintiff in error and the defendant in error over the right to said office has expired and the question involved has become moot.

On the 16th day of January, 1934, this court entered an order requiring the plaintiff in error to respond to the motion to dismiss. No response has been filed and no excuse offered for the failure or delay, and we must take it that the allegations of the motion are admitted. This court has universally held that where the controversy between the plaintiff in error and defendant in error has ended and the question has become moot, the proceedings will not be retained by this court to determine an abstract, hypothetical, or moot question. City of Sapulpa v. Harris, Judge, 143 Okla. 69, 287 P. 1041; Parker v. U. S. Smelter Co., 80 Okla. 129, 194 P. 897. The appeal is therefore dismissed