ELIASON, Appellant, v. GEIL, Respondent.

(No. 8365.)

(Submitted December 4, 1942. Decided December 24, 1942.)

[132 Pac. (2d) 158.]

98

*Messrs. William R. Taylor, Horace J. Dwyer, K. W. Mac-Pherson* and *John W. Chapman,* for Appellant, submitted an original and a reply brief; *Mr. Taylor* and *Mr. Chapman* argued the cause orally.

*Mr. J. B. C. Knight,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff has appealed from a judgment in favor of defendant Geil on a directed verdict. The action is one to recover damages for personal injuries resulting from an automobile accident. Plaintiff recovered a verdict and judgment against the defendant Flohr, and no appeal has been taken from that judgment. Defendant Flohr was driving the automobile at the time of the accident which caused the injuries to plaintiff. The automobile belonged to the defendant Geil, who was at the time in question operating under the name of the Geil Motor Company and was engaged in selling second-hand cars which he kept on a used-car lot in Anaconda. Flohr was his agent, working on a commission basis. The car at the time of the accident had its price written on the windshield. The accident happened near the town of Galen.

The main point in the case is whether the court was right in directing a verdict for the defendant Geil. The propriety of the court's ruling in that respect depends upon whether there was any substantial evidence in the record that Flohr at the time of the accident was acting within the scope of his employment with defendant Geil so as to entitle plaintiff to have the case submitted to the jury as to defendant Geil. It is our view that the case should have been submitted to the jury as to defendant Geil.

In *Monaghan* v. *Standard Motor Co.*, 96 Mont. 165, 29 Pac. (2d) 378, we held in effect that where the ownership of the car is established and it is shown that the driver was in the employ of the owner, the rebuttable presumption arises that the agent was acting within the scope of his employment while driving it. (See, also, *State ex rel. Vesper-Buick Automobile Co.* v. *Daues*, 323 Mo. 388, 19 S. W. (2d) 700, 67 A. L. R. 157; 5 Wigmore on Evidence, 2nd Ed., sec. 2510A, p. 502; 4 Berry on

Automobiles, 7th Ed., p. 839; 10 Blashfield's Cyclopedia of Automobile Law and Practice, Perm. Ed., sec. 6637.) We ██ ██ further held in the *Monaghan Case,* following prior cases on the subject, that the denial by interested witnesses controverting the presumption is insufficient to overcome it as a matter of law. Here the only proof in the case to overcome the presumption is the testimony of Mr. Geil to the effect that Flohr had no authority to drive outside the city of Anaconda to demonstrate the cars, and of Mills, defendant Geil's nephew, who was employed as Geil's general manager, who testified that Flohr could demonstrate cars outside of Anaconda by only for a short ride not exceeding one-half hour. Geil was an interested witness within the meaning of the *Monaghan Case* and his denial that Flohr was acting within the scope of his employment at the time of the accident does not overcome the presumption as a matter of law, but left the question one of fact for the jury to determine. Whether Mills be regarded as an interested witness or not, his testimony does not overcome the presumption as a matter of law.

The denial by even a disinterested witness is insufficient to overcome the presumption as a matter of law if the testimony is controverted and impeached, or if not free from inherent improbabilities, or is not so clear and convincing that but one conclusion could be drawn from it. (*Claxton* v. *Page,* 190 Okl. 422, 124 Pac. (2d) 977; *Bradley* v. *Savidge, Inc.,* (Wash.), 123 Pac. (2d) 780; *Frank* v. *Wright,* 140 Tenn. 535, 205 S. W. 434.)

Under the rule of these cases, we must hold that this case should be submitted to the jury even if Mills be regarded a disinterested witness, because his testimony was disputed and the witness was impeached so as to make the question one for the jury's determination. Mills in substance testified that Flohr's authority was limited in that he had no authority to take cars from the lot in Anaconda for more than one-half hour in demonstrating them; that the car in question was taken from the used-car lot on September 17th and remained away

until the accident in the afternoon of the 19th. In substance he testified that when he discovered that Flohr had taken the car from the used-car lot and did not return it, he reported the matter to the chief of police in Anaconda and to the sheriff's office for the purpose of causing Flohr's arrest. All of the police officers and the sheriff's force, who were on duty at the time this was supposed to have been reported to them, testified that their records did not show that any such report had been made to them, and none of them recollected that any such report had been made. Under the circumstances, the testimony of Mills was impeached to the extent that the question should have gone to the jury as to whether the presumption that Flohr was acting within the scope of his employment at the time of the accident was overcome. True, the testimony of the police officers and the sheriff's force did not directly refute the testimony of Mills that Flohr had no authority to take the car from the used-car lot for more than thirty minutes. However, defendant Geil sought to bolster the testimony of Mills by having him testify that he thus reported the matter to the police and the sheriff's office, and since Mills was impeached on this point, the jury, if it believed that his testimony was false in one part, would have been warranted in distrusting him in other respects. (Sec. 10672, sub. 3, Rev. Codes.) Consequently the weight to be given to his testimony was a question for the jury.

Other questions have been raised and particularly as to whether certain declarations made by Flohr prior to and after the accident were admissible as tending to show that at the time of the accident he was demonstrating the car to prospective purchasers. Flohr was not called as a witness. It is not certain that this question will arise on another trial, since Flohr may be called to testify, in which case declarations made by him might not be offered in evidence. Furthermore, plaintiff may choose not to offer such declarations in view of the fact that he is entitled to go to the jury without them. In view of the circumstances that this question may not arise upon another trial, we deem it inadvisable to discuss the point at this time.

Another point was raised by plaintiff. The court struck out certain testimony offered by plaintiff relative to the custom of used-car dealers in placing a price tag on the cars and displaying them to the gaze of the general public. It was shown that the car in question here had a price tag on the windshield at the time of the accident. What other dealers did along the same line was immaterial, and the court was right in striking the testimony.

The judgment is reversed and the cause remanded for a new trial as against defendant Geil.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.

Motion to recall Remittitur denied January 19, 1943.