ELIASON, APPELLANT, v. GEIL ET AL., RESPONDENTS.
(No. 8518.)

(Submitted September 21, 1944. Decided December 15, 1944)

[154 Pac. (2d) 277.]

*Mr. William R. Taylor, Mr. Horace J. Dwyer, Messrs. Meyer & Meyer,* and *Mr. John W. Chapman,* for Appellant, submitted a brief; *Mr. Taylor* argued the cause orally.

*Mr. J. B. C. Knight,* for Respondents, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Plaintiff appeals from a judgment rendered in favor of defendant upon a directed verdict. This is the second appeal of the cause, this court in *Eliason* v. *Geil,* 114 Mont. 97, 132 Pac. (2d) 158, having reversed a former judgment rendered in defendant's favor upon a verdict directed by a different trial judge.

Plaintiff's contentions are that upon this appeal the evidence is substantially the same as on the prior appeal and that the court's prior decision established the law of the case. Defendant's contentions are that the evidence is substantially different and that the prior decision was therefore not controlling; and that in any event the prior decision of this court was erroneous and should not be followed as the law of the case.

Upon examination of the records we find that the evidence

at the two trials was substantially the same upon the points here in question, and we do not find that our decision upon the prior appeal was erroneous. We must therefore again reverse this cause.

The parties have argued both the merits and the applicability of the rule of the law of the case. As a control upon this court the rule seems upon its merits to be of much less substance than the rule of *stare decisis,* since the latter may well have controlled or induced the actions of a party to his detriment, while the former cannot possibly have had that effect. It seems, therefore, that upon a subsequent appeal there is much better reason for this court to depart from the rule of the law of the case in order to correct what it then regards as an error than for it to depart from the rule of *stare decisis* for the same purpose. However as a control upon the trial court it would seem entirely mandatory if the constitutional purpose of the establishment of a supreme court is to be given effect. (*Conway* v. *Monidah Trust Co.,* 51 Mont. 113, 149 Pac. 711; *Carlson* v. *Northern Pacific Railway Co.,* 86 Mont. 78, 281 Pac. 913.)

Upon the question of the applicability of the rule of the law of the case where the evidence is not precisely the same, it seems apparent that in many instances able and honest minds may reasonably differ as to whether it is substantially the same. We feel however that in a situation of the kind the prior decision of this court should be followed by the trial court upon the second trial unless, upon comparison of the evidence submitted at both trials, it finds such a substantial difference as to make the former decision inapplicable. It appears that in this case such comparison was not made but that in ruling upon the motion for a directed verdict the trial judge considered only the evidence submitted upon the second trial. It follows, therefore, that full effect was not given to this court's decision upon the prior appeal.

We have examined the other specifications of error but find that none of them points out reversible error.

The judgment is reversed and the cause remanded for a new

trial as against defendant Geil. On account of the age and condition of the plaintiff and of other witnesses, and the delay incident to two trials and two appeals of the cause, the new trial should be had as promptly as possible.

ASSOCIATE JUSTICES ERICKSON, ANDERSON, ADAIR and MORRIS concur.